HUTCHINSON, Appellant,

v.

HUTCHINSON, Appellee.

[Cite as *Hutchinson v. Hutchinson* (1996), 113 Ohio App.3d 863.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA96-03-030.

Decided Aug. 26, 1996.

*Judith L. Rauchman,* for appellant.

*Theodore J. Froncek,* for appellee.

Walsh, Presiding Judge.

Plaintiff-appellant, Dennis R. Hutchinson, appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, granting him a divorce from defendant-appellee, Pamela S. Hutchinson.

The parties were married in 1964. Appellant moved out of the marital home in December 1988, but did not file a complaint for divorce until October 1994. A final hearing was held before a referee on May 17, 1995 and was completed on August 14, 1995. The referee awarded spousal support to appellee in the amount of $1,000 per month, terminable upon her death, remarriage or cohabitation with an unrelated adult male. The court specifically reserved jurisdiction to modify this award upon a change of circumstances. In addition, the referee awarded appellee two automobiles: a 1995 Mercury Villager and a 1985 Oldsmobile. By means of a Qualified Domestic Relations Order ("QDRO"), appellee was awarded one half the balance of four of appellant's retirement accounts, valued as of May 17, 1995, the date the final hearing commenced. To equalize the property settlement, appellant was ordered to pay appellee $3,900.

In addition to half the value of the pension funds, appellant was awarded a 1985 Nissan truck, a 1977 Plymouth van and a 1988 Sylvan boat. The parties divided the proceeds from the marital residence equally, with each receiving about $20,300. The parties also divided equally the proceeds from several United States Savings Bonds.

On October 24, 1995, appellant filed objections to the referee's report. After a hearing, the trial court adopted the referee's decision. The trial court then terminated the parties' marriage with a divorce decree dated March 5, 1996. Appellant now appeals, setting forth the following assignments of error:

Assignment of Error No. 1:

"The trial court erred and or abused its discretion to the prejudice of appellant in awarding spousal support to appellee, both as to its amount and duration."

Assignment of Error No. 2:

"The trial court erred to the prejudice of the appellant in its valuation and division of the appellant's retirement funds."

■ In his first assignment of error, appellant complains that the $1,000 monthly spousal support payments awarded to appellee are too generous. He also argues that the trial court should have set a termination date for spousal support payments. A trial court has broad discretion to determine both the amount and the duration of spousal support, and its decisions will not be reversed on appeal absent an abuse of discretion. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140; *Hall v. Hall* (Mar. 27, 1995), Butler App. No. CA94–05–104, unreported, 1995 WL 128402. An abuse of discretion means more than a mere error of law or judgment; it implies an attitude on the part of the trial court that is arbitrary, unreasonable, or unconscionable. *Blakemore* at 219, 5 OBR at 482, 450 N.E.2d at 1142.

R.C. 3105.18(C)(1) lists fourteen factors a trial court must consider in determining whether spousal support is appropriate and reasonable. In this case, factors which are especially relevant include the income of the parties, the relative earning abilities of the parties, the ages of the parties, the retirement benefits of the parties, the duration of the marriage, the standard of living established during the marriage, and the lost income production capacity of appellee resulting from her marital responsibilities.

The evidence presented at the hearing revealed that the parties had been married for about thirty years. Appellee is approximately fifty years old and is a high school graduate. Although she held several clerical positions during the course of the marriage, her primary responsibilities were for the care of the parties' five children and the maintenance of their home.

In August 1994, appellee began working part-time at Procter & Gamble as an "Administrative Assistant on call." Her employment in this position is limited to fifteen hundred hours per year at a maximum salary of $19,050 per year. She has yet to work fifteen hundred hours in one year. Appellee also works up to forty hours per week as a real estate salesperson. However, in 1995, she grossed only $4,000 from that business. Appellee's only source of retirement income is the amount she received via the QDRO under the terms of the trial court's decision. Since the parties sold their four-bedroom home, appellee has lived in a two-bedroom apartment with one of the parties' daughters. The record indicates that without spousal support appellee's income would not cover her monthly living expenses.

Appellant, who was the primary wage earner throughout the parties' marriage, is also about fifty years old. He is a college graduate who is employed by Ethicon Endo–Surgery, Inc. at Johnson & Johnson. He earns approximately $70,000 per year and has medical and retirement benefits furnished by his employer. His sources of retirement income include a 401k plan through Ethicon, a retirement benefit through Johnson & Johnson, and a Fidelity Investment account.

Considering these facts, particularly the great disparity between the parties' income and work-related benefits, the thirty-year length of the marriage, and appellee's focus on rearing the parties' five children instead of developing a lucrative career, we cannot say that that the trial court's decision to award $1,000 per month spousal support was an abuse of discretion.

Nor do we find that the absence of a specific termination date for the spousal support was in error. Under appropriate circumstances, a court may award spousal support without setting a termination date. See *Hall* at 5 (in cases involving a marriage of long duration, parties of advanced age, or a

homemaker spouse with little opportunity to develop a career, permanent spousal support may be warranted). Furthermore, since the trial court specifically reserved jurisdiction over the issue of spousal support, the award can be modified or terminated if warranted by a change in circumstances. Appellant's first assignment of error is, therefore, overruled.

In his second assignment of error, appellant states that the trial court erred in valuing the retirement funds as of May 17, 1995, the date the final hearing commenced, rather than as of December 31, 1988, when the parties separated. We disagree.

The choice of a date on which assets available for equitable distribution should be valued can be difficult to determine. However, courts should have the necessary flexibility to exercise their discretion so they can make awards which are truly equitable. See *Berish v. Berish* (1982), 69 Ohio St.2d 318, 23 O.O.3d 296, 432 N.E.2d 183. A trial court may determine that a marriage ended on the date of the final hearing and use that date to assess the value of assets unless it determines that use of the final hearing date would be inequitable. R.C. 3105.171(A)(2)(a) and (b). The trial court's decision regarding property division will not be reversed absent an abuse of discretion. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355, 20 O.O.3d 318, 322, 421 N.E.2d 1293, 1298–1299.

Here, appellant has not demonstrated that the trial court abused its discretion. Despite the fact that the parties have not lived in the same house since 1988, the trial court reasonably found that they remained married until May 17, 1995, the final hearing date, and therefore reasonably determined that all assets should be valued and divided as of that date.

The record indicates that even after appellant moved out of the marital home, the parties continued to act as husband and wife. They divided family responsibilities, saw each other regularly, spent holidays together with the family, and maintained a conjugal relationship. Appellant continued to pay a significant portion of the family's household expenses including the mortgage, utilities, and groceries as well as automobile insurance and repairs, while appellee remained primarily responsible for the children. When appellee filed a complaint for divorce in 1988 attempting to end the marriage, appellant convinced her to dismiss it. There was no subsequent attempt by either party to end the marriage until appellant filed for divorce in 1994. Therefore, we find the trial court did not err by determining that the parties' marriage ended on the date of the first and final hearing and valuing appellant's retirement funds accordingly. Appellant's second assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.