Defendant-appellant, Michael B. Wieser, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, dividing the real property of the parties in a divorce action. We affirm the decision of the trial court.
Appellant was married to plaintiff-appellee, Rebecca J. Wieser, on August 28, 1980. In March of 1991, appellee moved out of the marital residence, and on June 23, 1994, filed a complaint for divorce. By decision dated April 11, 1995, the trial court determined the duration of the parties' marriage to be from August 1980 to March 1991. On August 23, 1995, the court entered a judgment entry and decree of divorce.
The August 1995 decree was appealed to this court, and in Wieser v. Wieser (Oct. 14, 1996), Butler App. No. CA95-09-160, unreported, we reversed the decision in part and remanded the matter. A trial de novo proceeded, and the trial court issued a second judgment entry and decree of divorce dated November 14, 1997.
Prior to the parties' marriage in 1980, appellant owned an interest in three parcels of real property in Ohio, namely, 7385 Dillman Road located in Preble County (the "Dillman property"), 2715 Burbank Street located in Butler County (aka "Bill's Open Door Cafe"), and 1224 Girard Street located in Butler County (aka "Lee's Cafe").
The Dillman property was purchased in 1977 for $41,000 and was used as the primary residence for appellant and a previous wife. In September of 1980, appellant received a quit claim deed for the Dillman property from his previous wife pursuant to their divorce. No evidence was presented indicating the value of the Dillman property as of August 1980 when appellant and appellee were married. The Dillman property then served as the marital residence for the parties from the date of their marriage in August 1980 until September 1987 when the property was sold for $71,000.
Lee's Cafe and Bill's Open Door Cafe are both businesses in which appellant owned a fifty-percent interest prior to his marriage to appellee. Then, in April 1987, appellant bought out his partner's interest in both businesses. During their marriage and thereafter, appellee assisted in running both businesses and was active in their daily management and operation.
In its November 14, 1997 decree, the trial court made an equal division of all of the parties' property. Specifically related to this appeal, the trial court found that Bill's Open Door Cafe had a real estate value of $90,000 and a business value of $60,000. After deducting the mortgage of $56,581 and appellant's non-marital portion of $16,500, the remaining $76,919 was found to be marital property and was awarded to appellant.
The court then found that Lee's Cafe had a real estate value of $60,000 and a business value of $20,000. After deducting the mortgage of $13,516, the remaining $66,484 was found to be marital property and was awarded to appellee. The court found that appellant had failed to prove that any portion of Lee's Cafe constituted nonmarital property.
Appellant timely filed this appeal and raises the following three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DID NOT ACCOUNT FOR CERTAIN SEPARATE PROPERTY OF APPELLANT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DID NOT CREDIT HIM FOR SEPARATE PROPERTY OWNED PRIOR TO THE MARRIAGE.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DID NOT PROVIDE CREDIT TO HIM FOR POST-MARITAL EXPENSES.
We will consider appellant's first two assignments together because the facts and issues addressed in these two assignments of error are closely related. In his first assignment of error, appellant argues that the trial court erred by not determining whether the Dillman property was separate or marital property. In his second assignment of error, appellant argues that he should be credited with the proceeds of the sale of the Dillman property because the proceeds remained separate property not subject to equitable division.
In a divorce, the trial court must first determine what constitutes marital property and what constitutes separate property. R.C. 3105.171(B). Next, the court must divide the marital property equitably between the parties. Id. Generally, the court must distribute the spouse's separate property solely to that spouse. R.C. 3105.171(D). Separate property includes property acquired before the marriage as well as any passive income or appreciation received from the separate property. R.C.3105.171(A)(6)(a)(ii)-(iii).
The commingling of separate property with other property does not destroy the character of the separate property, except when the separate property is not traceable. R.C. 3105.171(A)(6)(b). The party seeking to have a particular asset classified as separate property has the burden to prove by a preponderance of the evidence that the asset is traceable to separate property. Peck v. Peck (1994), 96 Ohio App.3d 731, 734.
The trial court has broad discretion in making divisions of property in domestic cases, and the decision will be upheld by an appellate court absent an abuse of discretion. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401, citing Berish v. Berish (1982), 69 Ohio St.2d 318. The trial court's characterization of property as separate or marital will not be reversed on appeal absent an abuse of discretion. Peck,96 Ohio App. 3d at 734. Abuse of discretion by the trial court is more than an error of law or judgment; "it implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion." Middendorf at 401, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In our review, we are guided by the presumption that the findings of the trier of fact are correct, and that the trial judge is best able to view the witnesses, observe their demeanor, and weigh the credibility of the proffered testimony. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. In that regard, we must abstain from the temptation to substitute our judgment for that of the trier of fact unless the lower court's decision amounts to an abuse of discretion. Martin v. Martin (1985),18 Ohio St.3d 292, 295.
Appellant argues that the court erred in failing to determine whether the Dillman property was marital or separate property. The record reflects that the Dillman property was sold in September 1987, four years prior to the parties' separation in March 1991 and seven years prior to appellee filing her complaint for divorce in June 1994.
When determining equitable division of marital property under R.C. 3105.171, the trial court is required to consider property in which the parties own a current interest.[1] The court need only consider formerly owned property when it must determine whether some currently owned property constitutes traceable proceeds to formerly owned separate property. See R.C.3105.171(A)(6)(b).
Appellant testified that he used the proceeds from the sale of the Dillman property to buy out his partner's interest in Bill's Open Door Cafe and Lee's Cafe. Appellant claims that since the Dillman property was separate property, and he purchased his partner's interest with Dillman property proceeds, he should be credited with a larger percentage of each business.
The record indicates that the Dillman property sale closed in September 1987, and that a few months thereafter, appellant agreed to buy out his partner's interest in Bill's Open Door Cafe and Lee's Cafe. However, except for appellant's testimony and the chronological proximity of the transactions, there is no other evidence tracing the Dillman property sale proceeds to the purchase of appellant's partner's fifty-percent interest.
The record reflects that since the date of their marriage, appellee has worked consistently in the day-to-day operation and management of both businesses. Thus, both parties have contributed to the profits and appreciation in value of the business establishments. R.C. 3105.171(A)(3)(a)(iii); Simoni v. Simoni (1995), 102 Ohio App.3d 628.
In Simoni, the Eighth District Court of Appeals addressed a similar case. Appellee-wife was employed in the business which appellant-husband owned prior to and during the marriage. As in the present case, the appellee-wife had expended time and effort over several years improving the business. In Simoni, the appellate court affirmed the award of a portion of the business to the wife, stating that "where marital assets are invested in separate property over the years, and the parties expend time and effort in improving the business, it would not be an abuse of discretion for the court to declare the property a marital asset." Simoni at 936.
Due to the lack of evidence regarding the traceability of the proceeds aside from appellant's testimony and the chronological proximity of the transactions, we find no abuse of discretion in the trial court's determination that the proceeds of the Dillman property sale were not adequately traced. As a result, the formerly owned Dillman property was not relevant to the division of the parties' marital property, and the court did not err by not addressing the property in its findings. Likewise, there was no error in the court's failure to credit appellant with the proceeds of the Dillman property sale. Appellant's first and second assignments of error are overruled.
In his third assignment of error, appellant argues that he should be credited for post-marital mortgage payments which he made on Lee's Cafe after March 1991. Appellant also argues that the trial court erred because Lee's Cafe was awarded to appellee after the divorce, and by that time the mortgage had been fully satisfied; yet in its findings, the trial court noted a mortgage of $13,500 as it existed in 1991.
The record reflects that from the time of their marriage in 1980 until the initial divorce hearing in 1995, both parties contributed to the businesses. In 1995, appellee took over Lee's Cafe solely, but prior to that time, appellant managed all financial matters while appellee helped in the day-to-day operations of both businesses. Appellant paid the bills out of a business checking account, but appellee's management efforts were partially responsible for the profits and appreciation in the businesses. Therefore, appellant cannot claim that he alone paid off the existing mortgages when the funds used were derived from the combined efforts of both parties.
In addition, we have stated previously that the choice of a date on which marital assets should be valued can be difficult to determine, and the trial court must be granted a great deal of flexibility to exercise its discretion in making equitable distributions. Hutchinson v. Hutchinson (1996), 113 Ohio App.3d 863,867, citing Berish, 69 Ohio St.2d 318. Further, the legislature has provided that "the court may select dates that it considers equitable in determining marital property." R.C.3105.171(A)(2)-(b).
Likewise, the Ohio Supreme Court has stated that "a trial court must be permitted to utilize alternative valuation dates, such as the time of permanent separation or de facto termination of the marriage." Berish at 321. The trial court's decision regarding property division will not be reversed absent an abuse of discretion. Hutchinson at 867, citing Cherry v. Cherry (1981), 66 Ohio St.2d 348.
Appellant has failed to show that the trial court acted in an unreasonable, arbitrary, or unconscionable fashion by valuing and dividing the parties' assets as they existed at the date of the termination of the marriage in March 1991. Further, since the funds used to make the mortgage payments were derived from the efforts of both parties, we cannot say that the trial court abused its discretion by failing to credit appellant for those payments. Appellant's third assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] "`Marital property' means * * * [a]ll real and personal property that currently is owned by either or both of the spouses * * *" and "[a]ll interest that either or both of the spouses currently has in any real or personal property." R.C.3105.171(A)(3)(a)(i)-(ii) (emphasis added).