OPINION
Plaintiff-appellant, Scott Flick, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, determining the duration of his marriage to defendant-appellee, Belinda Flick. The decision of the trial court is affirmed.
The parties began dating in August, 1990, and began living together in May, 1993. They lived apart for a period in 1994 when appellant moved into a home he had purchased independent of appellee. While appellant maintained that the two had broken up at this time and were seeing other people, appellee maintained that she put off moving to appellant's new home until June 1994 so that her son could finish out the school year without transferring school districts.
The parties were engaged in June 1994 after they resumed living together. However, they put off their marriage because they were both seeking annulments from the Catholic church, and they needed time to plan a traditional wedding ceremony. Although they maintained separate bank accounts, the two were financially interdependent, combining their incomes in order to maintain a common household, even purchasing a piece of retirement property together. They were married on April 19, 1997.
On April 17, 2000, appellant filed for divorce. Appellee responded, and in September 2000 she filed a motion requesting that the trial court determine the duration of the marriage for purposes of dividing marital property. After a hearing on the motion, the trial court determined that the duration of the marriage, for the purposes of dividing marital property, was from June 1, 1994, when the couple became engaged, to November 13, 2000, the date of the pretrial hearing. The trial court found that by June 1, 1994 the parties "made a permanent commitment, which, in fact, lasted until the present action." Appellant appeals from this decision, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT ESTABLISHED A BEGINNING DATE OF THE MARRIAGE THAT WAS THREE YEARS PRIOR TO THE CEREMONIAL DATE OF THE MARRIAGE.
Trial courts are granted a great deal of flexibility to exercise discretion in making an equitable distribution of marital assets.Hutchinson v. Hutchinson (1996), 113 Ohio App.3d 863, N 867. Accordingly, a trial court's determination of the duration of the marriage will not be reversed absent an abuse of discretion. Berish v.Berish (1982), 69 Ohio St.2d 318, N 319. More than an error of law or judgment, an abuse of discretion implies that the trial court's attitude is unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore
(1983), 5 Ohio St.2d 217, 219.
Appellant argues that the trial court abused its discretion by utilizing a date prior to the parties' ceremonial marriage when defining the duration of the marriage for purposes of dividing marital assets. Appellant argues that a trial court may divide assets acquired during a period when the parties lived together prior to marriage by making a distributive award, but not by determining that the duration of the marriage extends prior to the date of the ceremonial marriage. In support of this contention, appellant directs our attention to Sawyersv. Sawyers (Aug. 30, 1999), Brown App. No. CA98-10-029, unreported.
In Sawyers, this court upheld the trial court's equitable division of marital property. The trial court made a distributive award pursuant to R.C. 3105.17, in order to compensate a spouse for labor provided prior to marriage which increased the value of an asset. The trial court also determined that the duration of the parties' marriage extended two years prior to their ceremonial marriage. This court affirmed the trial court's equitable division of marital property in its entirety. While this court's decision in Sawyers does state that a trial court may make a distributive award in order to effectuate an equitable division of marital property, the case does not stand for the proposition that it is the sole means by which a trial court may make an equitable distribution of marital property when either or both parties have made premarital contributions.
There is a statutory presumption that the duration of a marriage runs from the date of the ceremonial marriage through the date of the final divorce hearing. R.C. 3105.171(A)(2)(a). However, if the trial court determines that "the use of either or both of the dates * * * would be inequitable, the court may select dates that it considers equitable in determining marital property." R.C. 3105.171(A)(2)(b). The trial court is granted discretion to determine the duration of the marriage, which is defined as "the period of time between those dates selected by the court." Id.
In the present case, the parties lived together continuously since their engagement in June 1994. After this time, they pooled their financial resources to maintain a common household, even purchasing property together in anticipation of their retirement. Although the parties were not married until April 1997, we do not find that the trial court abused its discretion by determining that the duration of the marriage, for purposes of dividing marital property, begins on June 1, 1994 and continues through November 13, 2000.
The decision of the trial court is affirmed.
YOUNG, P.J., and POWELL, J., concur.