SHANLEY, APPELLANT, *v.*
SHANLEY, APPELLEE.

(No. 55487—Decided May 30, 1989.)

*Herbert Palkovitz* and *Ellen M. Leonetti,* for appellant.

*Schad & Assoc. Co., L.P.A.,* and *Mildred K. Schad,* for appellee.

ANN McMANAMON, C.J. Gibson and Doris Shanley were divorced in 1969 after seventeen years of marriage. At that time the domestic relations court ordered the husband to pay, *inter alia,* $350 a month in alimony as well as the mortgage debt on the marital residence, which the wife retained. In 1973, the trial court granted the husband's motion to modify, reducing the alimony award to $300 a month and terminating his obligation on the mortgage.

In July 1986, the wife filed a motion to show cause alleging support arrearages. One month later the husband filed a motion to modify alimony. The trial court granted the wife's show cause motion and found the husband in arrears $3,600. In a timely appeal the husband challenges the denial of his motion to modify. Since his argument is unpersuasive, we affirm.

Modification of alimony is warranted only when a substantial change in the circumstances of the parties exists. See *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 5 OBR 481, 450 N.E. 2d 1140; *Leighner* v. *Leighner* (1986), 33 Ohio App. 3d 214, 515 N.E. 2d 625. The trial court is afforded broad discretion in making this determination and, absent an abuse of that power, we will not disturb the court's ruling. *Blakemore, supra,* at 219, 5 OBR at 482, 450 N.E. 2d at 1142. "Abuse of discretion" connotes an un-

reasonable, arbitrary or unconscionable attitude. *Id.*

Gibson Shanley argues that his decrease in income justifies modification of the $300 a month alimony payment. The record demonstrates that in December 1984 Shanley's employer, WEWS Television, did not renew his contract as a sportscaster. At that time his annual income totalled $134,641. Shanley sought employment in the Cleveland area for approximately two months before moving to Los Angeles, California. From February 1985 until the February 1987 motion hearing, Gibson Shanley unsuccessfully sought a full-time broadcasting job.

Gibson Shanley testified that in 1985 he declared $19,629 in wages and $90,813 in total income on his tax return. He averred his 1986 total income equalled approximately $17,000, of which $15,600 was attributable to a radio broadcasting job he continued to hold at the time of the hearing. We note that these tax returns were admitted into evidence but are inexplicably missing from the file on appeal. Thus, we must rely solely on the testimony of the husband.

Although Shanley was still unemployed and anticipated decreased income, he and his new wife purchased a $435,000 house in Tarzana, California, in January 1986. The couple made a $109,000 down payment on the property. Monthly mortgage payments equalled $3,068 as compared to the $2,000 a month rent the husband paid immediately before buying the house. Gibson Shanley explained that he needed the house as well as other items, such as a 1979 Mercedes which he bought with $7,000 in cash and a trade-in of his Lincoln automobile, to maintain the proper appearances in the "Hollywood-type atmosphere." According to Shanley he has approximately $24,000 in savings and $10,000 to $20,000 in stocks.

Two months after buying the house Gibson Shanley sent his former wife a letter explaining he would be unable to pay the $300 a month in alimony until he secured employment. His motion to modify followed.

Doris Shanley testified that she was employed full time as a registered nurse for an oral surgeon. In 1985 and 1986 she earned $27,072 and $27,405, respectively. Doris Shanley told the court her earnings had increased substantially since 1972 when she worked only two and one-half days a week. She maintains a house worth approximately $90,000 with $7,523.83 remaining as a mortgage balance. Doris Shanley explained she recently incurred substantial expenses in upkeep of the house and anticipated future roof repair and oven replacement.

Gibson Shanley argues that the decrease in his income and the increase in his wife's earnings warrant modification of his alimony payments. The record demonstrates Shanley's 1986 income significantly decreased from its 1984 and 1985 level. The husband relies solely on the differences between these years. Court records, however, indicate his net income at the time of the 1973 modification equalled $36,000 to $38,000. Thus, his decrease in income is not as significant as it would appear from the 1984-1986 figures. More importantly, the husband's inability to meet his support obligation followed within two months of his voluntary purchase of a costly new residence. Gibson Shanley testified he was current in his $3,068 monthly mortgage payments on that property.

Although Doris Shanley's income has increased and Gibson Shanley's earnings are less than his income at the time of the prior modification, we do not find the court abused its discretion in denying the motion to modify. The husband's alleged inability to pay support appears to stem from a voluntary decision to incur additional debt.

Finally, we decline Gibson Shan-

102

ley's request that we modify his alimony obligation, which exists until Doris Shanley remarries or either party dies, and/or that we set a time limit on his future alimony responsibility. Such a decision is left to the sound discretion of the trial court. See *Koepke* v. *Koepke* (1983), 12 Ohio App. 3d 80, 12 OBR 278, 466 N.E. 2d 570. Further, the husband did not address this issue in the trial court and it cannot be raised for the first time on appeal. See *Kalish* v. *Trans World Airlines* (1977), 50 Ohio St. 2d 73, 4 O.O. 3d 195, 362 N.E. 2d 994.

Accordingly, the assignment of error is overruled.

*Judgment affirmed.*

KRUPANSKY and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.