**KUCMANIC, Appellant,**

v.

**KUCMANIC, Appellee.**

[Cite as *Kucmanic v. Kucmanic* (1997), 119 Ohio App.3d 609.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71104.

Decided May 22, 1997.

*Joseph & Assoc.* and *Edward L. Joseph*, for appellant.

*Zachin, Rich & Sutula, Jonathan A. Rich* and *Robert I. Zashin*, for appellee.

PATTON, Judge.

Appellant-wife Nada Kucmanic appeals from a domestic relations court order that modified the amount of spousal support paid by appellee-husband Stjepan Kucmanic. The issue presented is whether the domestic relations court abused its discretion by finding that husband's health problems, which prevented him from working his usual overtime hours, constituted a valid change of circumstance in husband's earning capacity sufficient to warrant a reduction in spousal support.

Wife and husband were divorced in 1990 after nearly twenty-four years of marriage. After dividing the marital assets, the domestic relations court ordered husband to pay wife $150 per week in spousal support for a period of forty months. Wife challenged the length and reasonableness of the spousal support award on direct appeal. We found that the domestic relations court failed to consider the relative earnings capabilities of the parties, the standard of living established during the marriage and wife's contributions to the household as a homemaker. Consequently, we remanded to the domestic relations court for a further consideration of these factors. See *Kucmanic v. Kucmanic* (Apr. 16, 1992), Cuyahoga App. No. 60205, unreported, 1992 WL 80045.

On December 8, 1993, the domestic relations court issued a new spousal support order. This time, it required husband to pay $1,500 per month for the first three years and five months, and $1,000 per month for the succeeding five years and six months. Additionally, the domestic relations court made the spousal support order retroactive to the date of the divorce, thus finding that husband owed wife $21,000 in back support. It ordered husband to pay off this arrearage with $500 monthly payments. Finally, the domestic relations court ordered husband to pay $3,500 toward wife's attorney fees.

Husband appealed this new order and we affirmed, finding that the domestic relations court's new order "reflected careful consideration of the factors listed in R.C. 3105.18(C) and the supporting evidence offered by the parties." See *Kucmanic v. Kucmanic* (Mar. 2, 1995), Cuyahoga App. No. 66851, unreported, at 4, 1995 WL 92169.

Husband then filed the instant motion to modify spousal support. In that motion, he complained that the December 1993 spousal support order had calculated his earnings based upon the average overtime pay he earned during the period between his divorce and the order. He claimed that health problems prevented him from working the same amount of overtime hours, and he could not keep his current spousal support obligation without adversely affecting his own lifestyle. Moreover, he claimed that the $21,000 lump sum judgment had stretched his financial resources to their limit.

The domestic relations court tried the issue and entered an order modifying husband's support order. The order reads:

"The Court finds based upon the evidence that there has been a substantial change of circumstances with regard to the earning ability of the parties. Specifically, that Defendant's ability to work overtime has become limited due to his worsening medical conditions. As such, the Court finds that Defendant's motion to modify support must be granted."

The domestic relations court ordered husband to pay spousal support of $500 per month, in addition to $500 per month on the $21,000 support arrearage. The court ordered husband to make support payments, barring certain contingencies, for sixty-six months. In addition, the domestic relations court specifically declined to reserve jurisdiction to extend the duration of spousal support beyond the time period set forth in its original remand order, but did retain jurisdiction to modify the order up to June 1, 1999. These orders form the basis for the appeal.

Wife argues that the court failed to justify a modification of support because husband did not demonstrate that his physical inability to continue working overtime constituted a substantial change in circumstances.

R.C. 3105.18(E) states that the court may modify the amount or terms of a spousal support order upon a determination that "the circumstances of either party have changed." A "change of circumstances" includes, but is not limited to, "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." See R.C. 3105.18(F). We review modification orders for an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030–1031; *Shanley v. Shanley* (1989), 46 Ohio App.3d 100, 546 N.E.2d 477.

Ordinarily, we could summarily affirm the domestic relations court's order because wife has not provided us with a transcript of the trial. The only transcript ordered concerns a hearing held on wife's motion for attorney fees. Absent a transcript or other evidence, we would be bound by a presumption of regularity in the prior proceedings. See *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384; *Meadows v. Meadows* (Apr. 18, 1996), Cuyahoga App. No. 69245, unreported, 1996 WL 191765.

But we must consider whether the domestic relations court's order fulfills that court's obligations under R.C. 3105.18. In other words, the issue is whether R.C. 3105.18(E) imposes any duty to set forth a factual basis for the court's decision on the motion to modify. If it does, the domestic relations court's very brief judgment entry would not satisfy that requirement.

■  When imposing a spousal support order in the first instance, the domestic relations court's order must show that it considered all the factors enumerated in R.C. 3105.18(C)(1). *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph one of the syllabus. Modification of a spousal support order is a different matter. The domestic relations court must first determine whether there has been a change in circumstance of either party. See R.C. 3105.18(E).[1] If it finds a change of circumstance, it must then determine whether spousal support is still necessary and, if so, in what amount. *Bingham v. Bingham* (1983), 9 Ohio App.3d 191, 9 OBR 302, 459 N.E.2d 231.

Some courts have grafted paragraph one of the syllabus of *Kaechele* onto motions to modify spousal support. This apparently stems from the holding in *Leighner, supra,* that once the court determines that a change of circumstance exists, it must then consider whether the support order should be modified after consideration of all relevant factors, including those listed in R.C. 3105.18. 33 Ohio App.3d at 215, 515 N.E.2d at 626–627; *Thacker v. Thacker, supra.*

■  We find, however, that there is no express requirement that the domestic relations court's order granting or denying a motion to modify spousal support reexamine *in toto* the factors listed in R.C. 3105.18(C)(1). The domestic relations court should set forth the basis for its decision with enough detail to permit proper appellate review. *Graham v. Graham* (1994), 98 Ohio App.3d 396, 399–400, 648 N.E.2d 850, 851–853. As a practical matter, however, a change in circumstance for one spouse as found under R.C. 3105.18(F) will not affect, for the most part, the otherwise static factors contained in R.C. 3105.18(C)(1). Consequently, a rehash of findings made in the initial spousal order would not be helpful. For example, new findings stating the length of the parties' marriage, their standard of living during the marriage, or the relative extent of their education would add nothing new to the spousal support determination.

■  In this case, the domestic relations court found that husband's current medical condition prevented him from working enough overtime to keep his

---

1. Formerly, it had been said that the change in circumstances must be "substantial." *Leighner v. Leighner* (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625, 627; *Thacker v. Thacker* (1991), 74 Ohio App.3d 348, 349–350, 598 N.E.2d 1183, 1184. This requirement was apparently imposed as a result of the Supreme Court's characterization of the change of initial spousal support order would not be helpful. For example, circumstances as "where the economic situation of either or both of the parties drastically changes." *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 419, 75 O.O.2d 474, 485, 350 N.E.2d 413, 426. That statement preceded the amendments to R.C. 3105.18(E) and no longer appears valid in view of the statute's failure to mention the word "substantial." Cf. *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 674 N.E.2d 1159 (absence of word "substantial" from R.C. 3109.04 relating to modification of parental rights and responsibilities means that court should only consider whether there has been a change in circumstance).

income at the same level it had been at the time of the divorce. Of the factors set forth in R.C. 3105.18(C)(1), only subsection (a), relating to the income of the parties, would arguably apply. This consideration goes to the heart of the modification issue and would seem to be so intuitively obvious as to require no further elaboration by the court. It may be that different facts would compel a more complete finding by the court, but this is not such a case.

As we previously stated, wife has not presented any evidence to demonstrate why the domestic relations court erred by modifying the spousal support order. Wife claims that she presented evidence that husband's salary actually increased despite decreasing his overtime, and that this fact is substantiated by documents in the record. This claim is without merit for several reasons.

First, the cancelled checks that wife claims substantiate her position are not paychecks—they are dividend checks in the amount of $22.50 each. Second, those checks are not current—they date from 1990. We fail to see how husband's income for the tax year 1990 would be relevant to contest a modification motion filed in February 1996, especially when the motion to modify support claimed that husband's then-current circumstances had changed. Third, even were these checks husband's current paychecks and thus relevant to the modification issue, we have no indication that the domestic relations court actually admitted those checks into evidence. The exhibits are marked, but without a transcript we have no way of knowing what exhibits, if any, were admitted. Fourth, even if wife produced valid copies of the exhibits actually admitted into trial, the absence of a transcript would make it impossible for us to determine in context what weight the domestic relations court gave those exhibits. Spousal support modification orders are reviewable for an abuse of discretion. *Booth, supra.* Without a transcript we cannot say that the domestic relations court acted arbitrarily or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

App.R. 9(B) requires the appellant to order from the reporter "a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record * * *." The duty is always on the appellant to include those portions of the record that will demonstrate the claimed error. *Bates & Springer, Inc. v. Stallworth* (1978), 56 Ohio App.2d 223, 229, 10 O.O.3d 227, 230–231, 382 N.E.2d 1179, 1185. In her praecipe filed pursuant to Cuyahoga App. Loc.R. 4, wife stated, "no transcript necessary nor is a statement of the facts neccessary [*sic*] as there are no facts in dispute only interpretation of the law." Obviously, this was an erroneous statement because we have found that a transcript is necessary to determine the issues raised in this appeal; therefore, wife failed to fulfill her duty under App.R. 9(B).

Accordingly, we find the domestic relations court's order sufficient to state the basis of the judgment. Because wife failed to present any record which would demonstrate her claim that the court erred by finding husband suffered from deteriorating health, we must presume the regularity of the proceedings below. The assigned errors are overruled.

*Judgment affirmed.*

PORTER, P.J., and O'DONNELL, J., concur.