This is an appeal from a judgment of the Sandusky County Court of Common Pleas which granted appellant's motion to modify spousal support. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant Paul Dorsey sets forth the following assignments of error:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING PLAINTIFF-APPELLANT'S SPOUSAL SUPPORT OBLIGATION IN THAT THE COURT DID NOT CONSIDER ALL FACTORS OF REVISED CODE SECTION 3105.18.
 "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING A CLEARLY EXCESSIVE SPOUSAL SUPPORT AWARD TO DEFENDANT-APPELLEE WITHOUT CONSIDERATION AS TO NECESSITY, REASONABLENESS AND ABILITY TO PAY."
The facts that are relevant to the issues raised on appeal are as follows. The parties were married in 1978 and had five children together. On July 22, 1991, appellant filed a complaint for divorce. On November 25, 1991, a hearing was held on all issues relative to the complaint and on August 19, 1992, the trial court filed its decision. On September 3, 1992, the trial court filed its final judgment entry of divorce in which it ordered appellant to pay appellee child support of $1,096.33 per month for all children and spousal support of $1,083.33 per month for five years. The trial court based its decision on appellant's annual gross income of $38,000 in 1990, which included his salary as a truck driver and some rental income from a semi-trailer. No income was imputed to appellee, who had no specific work skills and had not worked outside the home since the birth of their children. Appellant's total obligation for spousal and child support amounted to $26,148 annually.
On December 2, 1992, appellee filed a motion to find appellant in contempt for failure to pay spousal support and medical bills for the children pursuant to the court's final entry of divorce. On December 7, 1992, appellant filed a motion to modify child support, spousal support and the court's order for payment of the children's reasonable and necessary medical expenses. In support of his motion, appellant stated that his gross annual income had substantially changed since the trial court's final judgment entry was filed and that he could no longer comply with the trial court's order. Appellant asserted that he was earning less as a truck driver and that he was no longer receiving rental income for his semi-trailer.
Hearings were held on both parties' motions on March 18 and April 15, 1993. The trial court did not file a decision relative to the motions until February 6, 1998. In its decision, the trial court found that: 1) appellant had not paid any spousal support since December 2, 1992, thus creating an arrearage of $62,254.16; 2) based on appellant's testimony at the March 18, 1993 hearing, his annual earnings were $29,545 as of January 1, 1993; 3) there was a substantial change in circumstance and a modification of the original spousal support order was warranted and 4) appellant's spousal support obligation had expired on August 31, 1997, subject to arrearages. The trial court modified appellant's spousal support obligation to $850 per month, retroactive to January 1, 1993. In its judgment entry filed on April 7, 1998, the trial court found that, taking into account the modification, the total amount of spousal support that should have been paid until the time of the termination of the order was $51,699.99, which was reduced to $48,680.77 after appellant's earlier payments of $3,019.22 were taken into account. It is from that judgment that appellant filed a timely appeal.
In his first assignment of error, appellant asserts that the trial court erred by failing to make findings as to all of the factors set forth in R.C. 3105.18(C)(1) for a modification of spousal support. Appellee responds that the trial court considered whether the payor's income had been reduced, which is the only relevant factor under R.C. 3105.18(E), and modified appellant's obligation by twenty percent, the amount of his reduction in income.
R.C. 3105.18(E) states that the trial court may modify the amount or terms of a spousal support order upon a determination that "the circumstances of either party have changed." A change of circumstances includes, but is not limited to, "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C.3105.18(F). The standard of review for modification of a spousal support order is abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
When making the original spousal support order, the trial court's order must show that it considered all the factors set forth in R.C. 3105.18(C)(1). Kaechele v. Kaechele (1988),35 Ohio St.3d 93, paragraph one of the syllabus. When considering a motion to modify a spousal support order, the trial court must first determine whether there has been a change in circumstance of either party. R.C. 3105.18(E). If the trial court finds a change in circumstance, it must then determine whether spousal support is still necessary and, if so, in what amount. Kucmanicv. Kucmanic (1997), 119 Ohio App.3d 609, 613.
In Kucmanic, supra, the court considered whether R.C.3105.18(E) imposes a duty on the trial court to set forth a factual basis for the court's decision on the motion. InKucmanic, the trial court's order found that there had been a substantial change in circumstance with regard to the parties' earning ability and granted the motion to modify. There is no express requirement, however, that in granting or denying a motion to modify spousal support the trial court reexamine all of the factors listed in R.C. 3105.18(C)(1). The trial court is required, however, to set forth the basis for its decision with enough detail to permit proper appellate review. Kucmanic, supra. As the Kucmanic court noted, a change in circumstance for one spouse as found under R.C. 3105.18(F) will not affect the otherwise static factors set forth in R.C. 3105.18(C)(1) such as the length of the marriage, the parties' education or their standard of living during the marriage and, consequently, revisiting the findings made in the initial spousal support order would not be helpful. In this case, the only factor set forth in R.C. 3105.18(C)(1) that would arguably apply to the issue of a modification of spousal support is the parties' income.
The trial court in this case found that appellant's income had decreased by twenty percent since the time of the original order and then decreased the spousal support by twenty percent as of January 1, 1993, adjusting the arrearages accordingly. Based on the foregoing, we are unable to find that the trial court erred by failing to address each of the factors set forth in R.C. 3105.18 for imposing an original spousal support order and, accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the trial court abused its discretion in arriving at the modified amount of spousal support. Appellant argues that the modified spousal support obligation was not reasonable or necessary and did not take into account his ability to pay that amount.
As we stated above, a trial court's decision as to modification of spousal support is reviewable under an abuse of discretion standard. Appellee testified at the hearings on the motions in March and April 1993 that she was attending school part-time and was unemployed. Appellant testified that his income had dropped to $29,545. The trial court found that appellant's original spousal support obligation terminated on August 31, 1997, and then modified the obligation effective January 1, 1993 by twenty percent to reflect the drop in income. The trial court then ordered appellant to pay twenty-five dollars per week toward the arrearage of $48,680.77.
This court has reviewed the entire record of proceedings in this case and the law and we are unable to find that the trial court's modification of spousal support was unreasonable, arbitrary or unconscionable and therefore an abuse of discretion. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.