Appellant Mary Jo Nichols timely appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which modified an earlier award of spousal support. We affirm.
 I.
On July 30, 1992, the trial court issued a Decree of Dissolution terminating the nineteen-year marriage of Mary Jo and Michael Nichols. A separation agreement and a shared parenting plan were incorporated into that decree. The separation agreement provided for an award of spousal support in the amount of $900 per month to be paid "until such time as the Wife remarries, subject to further order of the Court." In addition to spousal support, Michael was obliged to pay child support for each of the couple's three children. As part of the property settlement in the agreement, Michael was obliged to pay each child's college tuition and board in an amount equivalent to the cost for attending a state university in Ohio. Mary Jo had not worked outside the home during the marriage but was a full-time homemaker. Michael agreed to pay for any schooling or retraining that Mary Jo desired, so long as she was not remarried. The agreement permitted Michael to retain full interest in Nichols Cleaners, Inc., a Subchapter S corporation.[1]
Michael soon remarried, and his current wife began to work at Nichols Cleaners, Inc. Approximately one year after the dissolution decree, Michael filed a motion to modify child support. That motion was dismissed for lack of prosecution on March 24, 1994. On April 8, 1994, Michael filed a motion to modify both child support and spousal support. On December 15, 1994, the trial court adopted the magistrate's decision to deny Michael's motion. In August 1995, Michael again filed a motion to modify both spousal and child support. In March 1996, the couple's oldest child turned twenty-one and the Child Support Enforcement Agency filed a notice of termination of child support. After a hearing in June 1996, which neither spouse attended, Michael's child support was terminated for the oldest child.
In September 1996, the magistrate issued a proposed decision, recommending that Michael's August 1995 motion to modify child support be denied but that the spousal support should be modified. The magistrate found that Michael's income from Nichols Cleaners, Inc. was $32,240 per year. The magistrate also determined that Mary Jo was capable of earning an income of $8,840, the equivalent of full-time work at minimum wage and that this income should be imputed to her. Therefore, the magistrate recommended a decrease in spousal support from $900 to $500 per month. Both Michael and Mary Jo filed objections to the magistrate's decision, but the trial court addressed only Michael's objections, and adopted the magistrate's decision.[2] Michael filed a Civ.R. 60(B) motion for relief from judgment as to the child support only. The trial court held hearings on the issue of child support only and rendered a decision on that issue on June 27, 1997.
Nearly one year later, Mary Jo requested that the court rule on her timely objections to the September 1996 magistrate's decision.[3] A hearing on the objections took place on August 14, 1998, and on August 28 the trial court overruled Mary Jo's objections and ordered the same reduction in spousal support which the magistrate had recommended.
Mary Jo filed the instant appeal, asserting that the trial court erred in modifying spousal support because Michael had not made the requisite showing of a substantial change in circumstances, thus rendering the trial court without jurisdiction to modify support. She also asserts that the court's modification was an abuse of discretion.
Before addressing Mary Jo's assignment of error, we note that the record before us includes no transcripts of the three magistrate's hearings upon which the magistrate's proposed decision and the trial court's judgment were based. Nor is there a transcript of the hearing on the objections to the magistrate's decision. Rather, the trial court submitted an "Approved Statement of Evidence" filed pursuant to App.R. 9(C), which in the instant case consists solely of the counsels' 1996 affidavits attesting to the evidence presented at the magistrate's hearings. Thus, the record before us on this appeal consists of the original papers and exhibits, the certified docket and journal entries of the trial and the App.R. 9(C) statement of evidence as approved by the trial judge. App.R. 9(A), App.R. 9(C). See Joiner v.Illuminating Co. (1978), 55 Ohio App.2d 187, 191.
 II. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR MODIFICATION OF SPOUSAL SUPPORT. Appellee failed to demonstrate a substantial change of circumstances to justify modification, thus denying the trial court of [sic] jurisdiction.
 Reduction of Appellee's spousal support obligation constituted an abuse of discretion.
In their separation agreement, Michael and Mary Jo gave the trial court continuing jurisdiction to modify the spousal support award. Such jurisdiction is governed by the provisions of R.C.3105.18(E) and (F), which require the court to find a change of the circumstances of either party before modifying spousal support. This Court has held that in order for a court appropriately to modify a spousal support award, there must be a "substantial change in the circumstances of either party that was not contemplated at the time the existing award was made." Moorev. Moore (1997), 120 Ohio App.3d 488, 491, citing Leighner v.Leighner (1986), 33 Ohio App.3d 214, 215. The burden of proof belongs with the person seeking modification. Joseph v. Joseph
(1997), 122 Ohio App.3d 734, 736. Only where the person seeking modification shows that there has been a substantial change in financial circumstances not anticipated at the time of the original decree, does the court have jurisdiction to consider the modification. Id.
Once the movant demonstrates the substantial change of circumstances, the moving party still has the burden of showing that the current award is no longer "appropriate and reasonable." R.C. 3105.18(C). See, also, Leighner v. Leighner (1986), 33 Ohio App.3d 214,215.
Mary Jo maintains that Michael failed to make the first threshold showing of changed circumstances and therefore the trial court had no jurisdiction to consider a modification of spousal support. The trial court's determination of a change of circumstances will not be disturbed absent an abuse of discretion.Carnahan v. Carnahan (1997), 118 Ohio App.3d 393, 397. An abuse of discretion is more than mere error. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. It implies that the trial court's attitude was "unreasonable, arbitrary or unconscionable." Id.
Absent an abuse of discretion, a reviewing court may not substitute its judgment for that of the trial court. Id. at 218. Where there is competent credible evidence to support the trial court's decision, that decision will not be overturned. Motticev. Mottice (1997), 118 Ohio App.3d 731, 735, citing Blakemore,5 Ohio St. 3d at 218.
In the instant case, Michael's motion for modification was supported by evidence that his income from Nichols Cleaners, Inc. declined substantially from 1992 to 1995. Michael testified that his yearly income from wages and interest had decreased from $62,688 at the time of the initial decree to $32,817 at the time of the August 1995 motion for modification. Additionally, Michael testified that Nichols Cleaners Inc. was operating at a loss in 1995. Michael further pointed out that his obligations under the dissolution decree amounted to $34,186 annually, which was more than his gross income. We find that this constitutes a substantial change in circumstances that was not anticipated at the time of the initial decree. Consequently, the trial court had jurisdiction to modify the spousal support award.
Mary Jo testified that while Michael's income may have decreased, the amount of his financial obligation under the dissolution decree has also decreased, due primarily to the emancipation of the couple's oldest child. In essence, Mary Jo argues that Michael is not substantially worse off than he was at the time of the dissolution. However, the evidence showed that Michael's decrease in income far exceeded this reduction in his child support obligation.
Mary Jo's claim that Michael is "no worse off" than at the time of the divorce is also based on the fact that, when Michael's current wife's income is added to his, this more than makes up for Michael's reduced income from Nichols Cleaners, Inc. Mary Jo maintains that the court should have considered this income when determining whether to maintain the original spousal support. However, Mary Jo failed to preserve this issue for appeal when she failed to address this issue in her objections to the magistrate's decision. Civ.R. 53(E)(3)(b) states that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." When a party fails to raise an issue in the party's objections to the magistrate's decision, it may not be raised for the first time on appeal. Carrv. Carr (Aug. 11, 1999), Medina App. No. 2880-M, unreported at 7. Therefore, we need not address this issue on appeal.
The only question remaining to be determined was whether or not the original award was still reasonable and appropriate under the circumstances. See Joseph, 122 Ohio App.3d at 736. To make such a determination, the trial court must consider any of the factors listed in R.C. 3105.18(C)(1) that have changed since the time of the initial decree. See Kucmanic v. Kucmanic (1997),119 Ohio App.3d 609, 613-614. These factors are:
 The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the
Revised Code;
The relative earning abilities of the parties;
 The ages and the physical, mental, and emotional conditions of the parties;
The retirement benefits of the parties;
The duration of the marriage;
 The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 The standard of living of the parties established during the marriage;
The relative extent of education of the parties;
 The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 The tax consequences, for each party, of an award of spousal support;
 The lost income production capacity of either party that resulted from that party's marital responsibilities;
 Any other factor that the court expressly finds to be relevant and equitable.
R.C. 3105.18(C)(1).
Michael presented evidence that the original spousal support award was no longer reasonable and appropriate under the circumstances. First, he demonstrated that the financial burden imposed by the initial decree had become onerous due to the reduction in his income. He also pointed out that at no time since the dissolution had Mary Jo been gainfully employed outside the home in a manner that substantially contributed to her own support. Nor had Mary Jo undertaken any course of training to make her self-sufficient, despite the fact that Michael was obliged to pay for such training.
Mary Jo, in turn, testified at the magistrate's hearings that it was the couple's plan from the beginning of their marriage and throughout its dissolution that she would remain a full-time homemaker until the youngest child graduated from high school. At the time of Michael's motion for modification, the couple's youngest child was fourteen years old. Mary Jo therefore proposes that it was unreasonable for the court to expect her to undertake employment or retraining. We disagree.
This marriage was one of long duration, and Mary Jo elected to remain a full-time homemaker (apparently with Michael's approval) during the marriage. This would tend to support a more generous award of spousal support. However, it is clear from R.C.3105.18(C)(1) that spousal support for a party in Mary Jo's situation must be considered in context. A more generous and extended support award will be justified where retraining is required "so that the spouse will be qualified to obtain employment, provided the education, training or job experience,and employment is, in fact, sought[.]" (Emphasis added.) R.C.3105.18(C)(1)(k). In her brief, Mary Jo acknowledges that at the time of the dissolution it was intended that she "would consider further education and would rely on the spousal support and child support in the interim." The trial court is not required to continue a spousal support award where the recipient fails to take any action to become self-sufficient.
The same may be said for the expectation that a spouse return to the work force, a situation which may be "inappropriate for a party, because that party will be custodian of a minor child of the marriage." R.C. 3105.18(C)(1)(f). We do not find that such a requirement would be inappropriate in the instant case, where the youngest child was fourteen at the time of the motion for modification. We find that the trial court was within the exercise of its sound discretion when it considered Mary Jo's failure to seek re-employment or retraining as a relevant factor when determining whether the original spousal support was still reasonable and appropriate.
When setting or modifying a spousal support award, the court may look not only at the parties' earnings but also their earning abilities. Towne v. Towne (Nov. 27, 1996), Summit App. No. 17772, unreported at 6. In light of Michael's reduction in income, the trial court considered Mary Jo's earning ability in an effort to ascertain whether the original spousal support was still reasonable and appropriate. The court imputed to her an income of $8,840, which represents full-time employment at minimum wage. We find that the trial court did not abuse its discretion when it imputed such income to her.
Mary Jo testified at the magistrate's hearings that her income had decreased, due to a reduction in child support, and that her monthly expenses had increased. The reduction in child support was due in part to the emancipation of the couple's oldest child. However, the basis for Michael's motion for modification was the reduction in his income which impacted his ability to pay the spousal support as originally awarded. The fact that Mary Jo has less income due to the emancipation of a child, which was anticipated at the time of the divorce, does not invalidate the trial court's determination that the original spousal support is no longer reasonable and appropriate.
We find that there was competent, credible evidence to support the trial court's conclusion that a substantial change in circumstances had occurred which was not anticipated at the time of the original decree, and that the original spousal support award was no longer reasonable and appropriate under the circumstances. We find that the trial court exercised its sound discretion in ordering this modification. Therefore, we overrule Mary Jo's assignment of error and we affirm the judgment of the trial court.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD, FOR THE COURT SLABY, J.
CONCURS
[1] Early in 1995, upon the recommendation of his accountant, Michael converted the business to a C Corporation, for the purpose of increasing cash flow in the business.
[2] Along with their objections to the magistrate's decision, each party filed an affidavit of counsel attesting to the fact that there were no available transcripts of the magistrate's three hearings on January 31, March 17, and August 26, 1996, which served as the basis for the magistrate's proposed decision. Each party filed the affidavit of counsel as a statement of the evidence presented at the hearings, pursuant to Civ.R. 53(E)(3)(b). On appeal, the trial court approved these two affidavits as the statement of the evidence "in the within proceedings," pursuant to App.R. 9(C).
[3] Michael maintains that Mary Jo should not be allowed to challenge the court's October 1996 adoption of the magistrate's decision. First he points out that the October 1996 judgment entry settled the issue in his favor and the time to challenge the decision is past. We disagree. Despite the long hiatus involved here, Civ.R. 53(E)(4)(b) requires the court to "rule on any objections" and Civ.R. 53(E)(4)(c) requires the trial court to "dispose [of the] objections" to a proposed magistrate's decision. See Mathers v. Mathers (Mar. 31, 1992), Geauga App. No. 91-G-1647, unreported (holding that a trial court order which failed to rule on objections to a magistrate's decision is not a final appealable order); Dukat v. Dukat (July 1, 1996), Stark App. No. 1996CA0065, unreported (noting that "if objections are timely filed, the court is required to dispose of them"); Haag v. Haag (1983), 9 Ohio App.3d 169,172 (observing that when the trial court fails specifically to address objections there is no way for a reviewing court to know if the trial court sub silentio overruled the objections in adopting the magistrate's order or whether the court simply ignored those objections).
Michael also argues that Mary Jo should not be allowed to challenge the issue of his reduction in income. He points out that at subsequent hearings on child support, Mary Jo stipulated to the same income figures which the trial court used as the basis for its modification of spousal support, namely $32,240 for Michael and $8,840 for Mary Jo. We find this argument unpersuasive. The guidelines for modifying spousal support are different from those for modifying child support. See R.C.3105.18(E) and R.C. 3113.215 respectively.