DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Carl William Massey, has appealed the decision of the Medina County Court of Common Pleas, Domestic Relations Division, adopting the magistrate's decision to deny appellant's motion to modify his child support. This Court affirms.
The facts in this case are undisputed. The parties divorced in August of 1997. The divorce decree obligated appellant to pay monthly child and spousal support. In January of 1999, appellant's newly purchased residence burned to the ground.
Although appellant made each of his monthly child and spousal support obligations, citing economic difficulties, in May of 1999, he filed a motion to modify his child and spousal support, or in the alternative, to hold his obligations in abeyance without the accrual of arrearages until his economic circumstances improved.
The matter was heard by a magistrate. The magistrate found that although "a horrible, unplanned event [had] occurred in [appellant's] life[,]" a modification was not warranted, particularly in light of the fact that appellant had managed to go on four trips between the months of May and July of 1999. Additionally, the magistrate noted that appellant's "fiancée was laid-off two (2) weeks ago and does not plan on obtaining future employment. She is a full-time college student."
Appellant filed objections to the magistrate's decision, which the court overruled. The trial court adopted the magistrate's recommendation to deny appellant's motion because the court believed that without an accrual of arrearages, appellant's situation did not mandate a modification or abatement.
Appellant has timely appealed, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO MODIFY CHILD SUPPORT.
In his sole assignment of error, appellant avers that the trial court erred in not modifying his child support obligations. He argues that, in effect, the trial court has punished him for complying with his legal obligations to support his children. Although we disagree with the trial court's reasoning, we find no reversible error.
Modification of child support is warranted only when a substantial change in circumstances of the parties exists. See Blakemore v.Blakemore (1983), 5 Ohio St.3d 217; Shanley v. Shanley (1989),46 Ohio App.3d 100. The trial court is afforded broad discretion in making its determination and, absent an abuse of discretion, an appellate court will not reverse the judgment of the trial court. See Blakemore,supra, at 219; Shanley, supra. "Abuse of discretion" connotes an unreasonable, arbitrary or unconscionable attitude. Blakemore, supra, at 219.
Modification of an existing award of child support and alimony is a two-step process. See Cheek v. Cheek (1982), 2 Ohio App.3d 86, 87. The threshold determination is whether there has been a significant change in circumstances which would warrant such modification. See Bright v.Collins (1982), 2 Ohio App.3d 421, 423. The change in circumstances must be substantial and must be such as was not contemplated at the time of the prior order. See Bingham v. Bingham (1983), 9 Ohio App.3d 191, 193. Next, a determination of what amount is necessary and reasonable is to be made. See Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 70, citing Cherryv. Cherry (1981), 66 Ohio St.2d 348, at 355.
Appellant asserts that a modification is warranted because the fire created a drastic change of circumstances in that it increased his expenses. Appellant has not alleged that he is unable to meet his obligations. Further, appellant states that he does not dispute the factual findings, and therefore, he has not submitted a transcript of the hearing. From the evidence adduced at the hearing, the magistrate found that although the fire had occurred in January of 1999, between January and July appellant was able to pay all of his support obligations and to go on four trips.
Accordingly, this Court finds no abuse of discretion in the lower court's ruling. Appellant's financial hardship due to factors beyond his control did not constitute a sufficient change in circumstances to satisfy the threshold determination involved in determining whether appellant's child support obligation should be modified or abated.
Appellant's sole assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., BAIRD, J. CONCUR