DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Murray Collette has appealed from an order of the Summit County Common Pleas Court, Domestic Relations Division, that denied his motion to modify his spousal support obligations and his former wife's responsibility for child support. This Court affirms.
 I.
On January 14, 1998, the Summit County Common Pleas Court, Domestic Relations Division, entered a decree of divorce, terminating the almost twenty-year marriage between Appellant and Appellee Martha Collette. Appellant is the president of a local manufacturing company. As remuneration for his services, he receives two forms of compensation: his base salary and bonuses. Appellee was and remains unemployed. The parties have two sons as a result of their union.
Pursuant to the divorce decree and the shared parenting plan, Appellant was named as residential parent of their sons, but ordered to pay spousal support. The trial court found that Appellee was unable to work due to poor health and that she was unable to pay child support. The trial court, however, reduced its estimation of Appellant's income by the estimated cost of supporting the children prior to calculating the spousal support payments. As such, Appellant was directed to remit spousal support in the amount of $90,000 per year, payable at the rate of $5,000 per month and $30,000 lump sum at the time of Appellant's annual bonus.
On October 5, 1998, just under ten months after the divorce decree, Appellant moved the trial court to decrease his spousal support obligation and to require Appellee to pay child support. His company had experienced significant decreases in sales, and his income had diminished accordingly. After an evidentiary hearing, a magistrate issued a decision, denying Appellant's motions. Appellant timely objected, and on September 23, 1999, the trial court overruled his objections, choosing to adopt the magistrate's decision. Appellant appealed. However, due to procedural imperfections, this Court dismissed that appeal for lack of a final, appealable order. The trial court amended its previous order on May 18, 2000, specifically setting forth the relief granted, to wit: Appellant's motions for modification of spousal support and to require Appellee to pay child support were each denied. Appellant timely appealed, asserting three assignments of error.
 II. A. Spousal Support Obligations First Assignment of Error The trial court erred when it failed to decrease Appellant's spousal support obligation even though Appellant's income drastically decreased and Appellee demonstrated that she was able to work.
For his first assignment of error, Appellant has challenged the trial court's refusal to modify his spousal support obligations. Specifically, he has maintained that the court below failed to follow the appropriate legal analysis and, thus, erred by not expressly finding that there had been a substantial change in his financial circumstances. Appellant has further argued that the decrease in his income was so drastic as to render the original award of spousal support no longer appropriate and reasonable. In response, Appellee has argued that the trial court, by overruling Appellant's objections and adopting the magistrate's decision, in fact did decide that there had been a change in Appellant's financial situation, but that the change did not warrant a modification of his obligations as set forth in the original divorce decree.
Under Ohio law, before a trial court may modify an award of spousal support, it must determine that (1) there was a substantial change in the financial circumstances of either party that was not contemplated at the time the existing award was made, and, (2) that the current award is no longer "appropriate and reasonable." Moore v. Moore (1997),120 Ohio App.3d 488, 491, citing Leighner v. Leighner (1986),33 Ohio App.3d 214, 215. The burden of proof on both points lies with the person seeking the modification. Joseph v. Joseph (1997),122 Ohio App.3d 734, 736. On appeal, the trial court's determination will not be overturned absent an abuse of discretion. Carnahan v. Carnahan
(1997), 118 Ohio App.3d 393, 397. An abuse of discretion is more than mere error; it implies that the trial court's attitude was "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In the case at bar, Appellant has argued that the evidence demonstrates that from 1995 to 1998, Appellant's income decreased from $432,662 to $278,090.[1] He has argued that his company's profitability had sharply decreased, thereby causing a parallel decline in his bonuses. This decrease, he has claimed, was not expressly acknowledged in the court order, thus, rendering the order illegal. He has also engaged in some arithmetic and deduction, arguing that if the award was reasonable and appropriate when his income was approximately $400,000, then his payments are necessarily inappropriate and unreasonable because he makes only $233,000 now. Finally, Appellant has attacked the magistrate's use of the phrase "not outrageous." He has argued that the appropriate legal standard is whether the award remains reasonable and appropriate. Because the magistrate, and therefore the trial court by adoption, used words other than those set forth in relevant precedent, Appellant has asserted that the findings are fatally flawed.
In turn, Appellee's arguments focused almost exclusively on the second prong of the Moore test. She has claimed that Appellant failed to carry his burden of proof on whether the standing spousal support award was still appropriate and reasonable. Essentially, Appellee addressed points Appellant failed to discuss and claimed that he did not provide any other evidence, besides the change in income, indicating the award was unreasonable. Appellee has claimed that her failing health still prevents her from maintaining gainful employment and that Appellant's expenses remain unchanged but paid under his new income, despite the current spousal support award. She has also argued that while Appellant's income may have decreased, her income has likewise declined. Lastly, Appellee correctly observed that the magistrate and trial court found that the award was still appropriate under Appellant's 1998 income, the last full year before the court reached its decision. Appellee has asserted that the decision not to consider the 1999 income, because it was not yet completely compiled, did not constitute an abuse of discretion.
In the end, this Court concludes that the trial court did not abuse its discretion by refusing to modify Appellant's spousal support obligations. Indeed, Appellant's arguments on both elements of the Moore
test must fail. Appellant's first attack, regarding the lack of an express finding of a substantial change in his finances, is misguided. The trial court set forth in detail the exact change in Appellant's financial circumstances. Talismanic language is not required in this context. The trial court's failure to expressly find a substantial change in Appellant's finances was neither arbitrary nor unreasonable. Appellant's second attack, pertaining to the appropriateness of the standing spousal support obligation and the trial court's precise legal standard, must also fail. While the trial court did not employ the legally "magic words" in every instance,[2] the record in toto supports the finding that the spousal support award remained reasonable and appropriate. As noted supra, in order to garner a modification of spousal support, a movant must show that the standing award is inappropriate and unreasonable under the present circumstances. The trial court determined that Appellant failed to so demonstrate. This Court holds that the lower court's decision was not arbitrary, unreasonable or unconscionable. Appellant's first assignment of error is not well taken.
 Second Assignment of Error The trial court erred when it adopted the decision of the magistrate with regard to the modification of spousal support since it was based upon a math calculation equalizing incomes instead of considering the factors under R.C. 3105.18.
In his second assignment of error, Appellant has argued that the magistrate and the trial court did not consider the statutory factors under R.C. 3105.18, but instead, decided not to modify the spousal support in an attempt to keep the costs to each party equal. Appellee has responded by arguing that Appellant did not identify a single factor which he believed had been overlooked, that the magistrate and trial court did consider the requisite factors and that the figures focused upon in the decision were those presented by Appellant.
When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), this Court must determine whether the trial court abused its discretion in adopting the decision.Mealey v. Mealey (May 8, 1996), Wayne App. No. 95CA0093, unreported, at 5. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id.
As Appellant has aptly noted, when making or modifying an award ofspousal support, a trial court must consider any of the factors listed in R.C. 3105.18(C)(1) that have changed since the time of the initial decree. See Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609, 613-614. R.C. 3105.18 (C)(1) provides:
 In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
(a) The income of the parties, from all sources * * *;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
A review of the factors contained in R.C. 3105.18(C)(1) reveals no prohibition of the equalization of incomes. In fact, it is quite the contrary. When contemplating modification of a spousal support award, R.C. 3105.18(C)(1) requires that a trial court consider, among other things, the income of the parties and the relative earning abilities of the parties. R.C. 3105(C)(1)(a), (b) and (n); see, also, Petrusch v.Petrusch (Mar. 7, 1997), Montgomery App. No. 15960, unreported, 1997 Ohio App. LEXIS 823, at *9-10. "Like an award of spousal support, itself, the imposition and amount of potential income to be imputed are matters to be determined by the trial court based upon the facts and circumstances of each case." Bertoldi v. Bertoldi (Oct. 8, 1997), Summit App. No. 18346, unreported, at 3. Such a determination regarding spousal support is subject to the discretion of the trial court and will not be reversed absent an abuse of discretion. Schneider v. Schneider (1996),110 Ohio App.3d 487, 494.
In the instant case, the magistrate and trial court reviewed and evaluated the evidence submitted by the parties. Appellant has failed to identify any factor which he believes was overlooked. Moreover, he did not cite any authority which prohibits a judicial officer's consideration of the parties' finances in relation to one another. The magistrate and trial court were in a better position to evaluate the evidence, and the record supports their findings. This Court cannot conclude that the trial court abused its discretion by adopting the magistrate's decision with regard to the modification of spousal support. Appellant's second assignment of error is overruled.
 B. Child Support Obligations Third Assignment of Error The trial court erred when it failed to order Appellee to pay Appellant child support.
For his final assignment of error, Appellant has argued that the trial court erred by not modifying the divorce decree and ordering Appellee to pay statutory child support under the circumstances presented in this case. Specifically, he has claimed that because he is the residential parent and that Appellee is purportedly able to work, the trial court should now impose upon Appellee the payment of child support. In response, Appellee has suggested that the trial court followed each step required when determining whether to award child support where none was ordered in the first instance. Essentially, Appellee has argued that the trial court made the calculation of child support as required under Ohio law and, then, properly determined that a deviation was appropriate under the particular facts of this case.
Before a trial court can deviate from the Child Support Guidelines and the worksheet calculated child support amount that is "rebuttably presumed" to be correct, it must fully comply with the requirements set forth in R.C. 3113.215(B)(1)(a) and (b). See Marker v. Grimm (1992),65 Ohio St.3d 139, 141-142. That statute states that the amount of support calculated, utilizing the worksheet, shall be ordered to be paid as child support unless both of the following apply:
 (a) The court, after considering the factors and criteria set forth in [R.C. 3113.215(B)(3)], determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child.
 (b) The court enters in the journal the amount of child support calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet * * * its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination.
R.C. 3113.215(B)(1)(a) and (b). In turn, R.C. 3113.215(B)(3) sets forth sixteen factors and criteria that a court may consider when determining whether a deviation from the amount calculated according to the worksheet would be unjust or inappropriate, and not in the best interest of the child. The first fifteen factors primarily pertain to special needs and circumstances concerning the child, or to situations where the parents' financial obligations or ability to pay merit special consideration. SeeBennett v. Bennett (Mar. 24, 1993), Greene App. No. 9262, unreported, 1993 Ohio App. LEXIS 1695, at *7. The last factor is a general catch-all provision.
In the case at bar, the trial court calculated the applicable amount of child support and enumerated it in the decision. It then observed that the child support statutory obligation was unjust, inappropriate and did not serve in the best interest of the children. Next, the trial court found that "there [was] a huge disparity in incomes. The child support is far exceeded by [Appellee's] need for spousal support." As such, the court below satisfied the requirements for deviation. Furthermore, Appellant's claim that Appellee is able to engage in substantial, gainful employment is subject to debate. In other words, the trial court's factual finding, while contested with evidence presented by Appellant, is supported by evidence in the record as well. This Court will not second guess the trial court's findings and concludes that the trial court did not abuse its discretion. Appellant's third assignment of error is without merit.
 III.
Appellant's three assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
REECE CONCURS
[1] The trial court determined that his income had only decreased to $298,384.
[2] At two points in its decision, the magistrate did use the appropriate language and found the original spousal support award still appropriate.