JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Edward G. Southworth ("husband"), appeals from an August 18, 2006 order emanating from the Domestic Relations Division of the Cuyahoga County Court of Common Pleas, modifying and reducing the amount of alimony he was ordered to pay plaintiff-appellant, Julie A. Southworth, nka McKenzie ("wife"). For the following reasons, we affirm.
 {¶ 2} We note at the outset that this is the parties' third appeal since their divorce was finalized on October 20, 1997. Husband and wife were married in 1980, when they were in their mid-to-late thirties. It was the second marriage for each of them and there were no children born as issue.
 {¶ 3} Wife filed for divorce in 1994 and that same year, she suffered two strokes that left her partially paralyzed and disabled. At the time of the divorce, husband was employed by United Airlines and his annual income was $127,575. Besides a pendente lite order of spousal support, wife's only income at that time was $841 per month from social security disability ("SSDI"). *Page 3 
 {¶ 4} In the final divorce decree, the trial court awarded wife half of husband's United Airlines Directed Account Plan ("DAP"), valued at $203,914; half of his United Airlines Employee Stock Ownership Plan ("ESOP"), valued at $26,385; half of his United Airlines Fixed Benefit Retirement Plan; and half of his United States Marine Corps ("USMC") retirement benefits. In addition, the trial court awarded wife $4,200 spousal support, per month, until wife remarried or upon either party's death.
 {¶ 5} In Southworth v. Southworth (1998), 8th Dist. No. 73525, 1998 Ohio App. LEXIS 6239 ("Southworth I"), husband argued, inter alia, that the trial court abused its discretion when it awarded wife $4,200 per month in spousal support, and did not impute income to her from her portion of his DAP and ESOP. He further maintained that wife should invest the principal amounts of those plans, thus allowing the interest and income gained to be used to offset the $4,200 per month he was ordered to pay in spousal support.
 {¶ 6} We affirmed the trial court's decision, reasoning that:
 {¶ 7} "Given the fact that wife has no retirement benefits we find the magistrate did not abuse its discretion in awarding wife the DAP and ESOP retirement plans * * *. Husband's argument is illogical, he claims wife could make more money if she took the money out of these funds and invested it thereby increasing her monthly income. This argument misses the point that these two plans are intended to benefit wife in her later years. They are not intended for her present living expenses. Moreover, the magistrate is correct in stating wife would suffer *Page 4 
significant tax penalties and lose all future growth if she changed these plans to be something other than retirement plans." Id. at 9-10.
 {¶ 8} We concluded that, "[i]n consideration of the relative earning ability of each party and the fact that wife is disabled for the rest of her life we find the trial court did not abuse its discretion in awarding wife $4,200 per month." Id. at 10.
 {¶ 9} After competing motions to modify spousal support were subsequently filed by the parties in 1999, the trial court increased husband's spousal support obligation by $150 per month, to $4,350. Husband appealed, claiming that the trial court erred when it increased his monthly obligation, and wife cross-appealed, maintaining that the trial court's increase was not adequate.
 {¶ 10} In Southworth v. Southworth, 8th Dist. No. 80704, 2003-Ohio-4 (Southworth II), husband argued that the trial court erred when it increased his monthly spousal support obligation because it failed to consider wife's increased income that she received from husband's retirement accounts.[1] He maintained that the interest earned on the accounts should have been imputed to wife as income and used to decrease his support obligation. *Page 5 
 {¶ 11} In Southworth II, we stated wife's "portion of the pension account was intended as part of the property division and to provide her with retirement income." Id. at _19. We noted that at that time, wife had not taken any distribution from the QDRO or its interest, because the QDRO order had been stayed pending appeal. We affirmed the trial court's modification, concluding, "[w]hether income from this account should be used to decrease the support obligation in the future is not at issue here[.]" Id. at _19.
 {¶ 12} On May 30, 2003, pursuant to an agreed judgment entry, the parties agreed to reduce husband's support obligation by $500 per month, resulting in a $3,850 per month obligation. The agreed modification was due to the possibility that husband's retirement income would decrease when United Airlines filed for bankruptcy.[2]
 {¶ 13} On October 1, 2005, the non-qualified portion of husband's United Airlines pension benefits terminated, which reduced his income by $3,560.56 per month, or thirty-one percent, leaving him with a total monthly income of $8,101.96.[3]
 {¶ 14} Wife's monthly income at that time was $6,599.92.[4] *Page 6 
 {¶ 15} On October 5, 2005, husband filed a motion to terminate spousal support, claiming a substantial change in circumstances existed. Husband moved the court to terminate his spousal support obligation as of October 9, 2004, the date wife had reached the age of fifty-nine and a half, claiming she no longer suffered penalties for early withdrawal of retirement benefits.
 {¶ 16} The magistrate issued her decision on May 2, 2006, granting husband's motion to terminate in part and denying it in part.[5] She modified husband's monthly spousal support obligation to $3,000 per month, an $850 reduction. The trial court adopted the magistrate's decision in its entirety after considering husband's objections, on August 18, 2006. It is from this order that husband timely appealed, raising the following two assignments of error:
 {¶ 17} "1. The court erred in failing to impute and identify reasonable income from lump sum retirement distributions directed by the trial court for the retirement support of and received by former spouse.
 {¶ 18} "2. The court erred in failing to explain any of the amorphous $850.00 reduction of spousal support as a function of error #1, former spouse's reduced expenses and/or appellant's reduced income." *Page 7 
 {¶ 19} In Southworth II, this court set forth the standard an appellate court must abide by when reviewing modifications of spousal support:
 {¶ 20} "A judge has discretion to modify an award of spousal support, and we will not reverse absent an abuse of that discretion. [Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609, 612.] When addressing such motions, the judge must determine whether either party has had a change of circumstances, and whether such change requires modification of the support award. [Id. at 613.]"
 {¶ 21} In his first assignment of error, husband maintains that the magistrate erred by not imputing income of $373,875.88 to wife from her share of the ESOP and DAP funds, an amount he claims would provide wife with "$3,115.63 monthly support in perpetuity."
 {¶ 22} In a detailed and thorough decision, the magistrate found that both parties had already received their shares of the ESOP and DAP funds. However, it was not evident from the documentation submitted by the parties whether either of them still had these funds. The magistrate noted that wife claimed that she spent $180,000 of the DAP funds on attorney's fees ($57,900), state and federal income taxes, real estate commissions, moving expenses, and purchasing her home. Wife also spent approximately $119,000 in 2002 and 2003 for state and federal taxes and living expenses during a time when husband was not paying her spousal support.
 {¶ 23} The magistrate stated, "[husband] has not argued that [wife] does indeed have these assets. He has concentrated his arguments on the principle that *Page 8 
she ought to have an income stream derived from the assets while ignoring the reality that they no longer exist." The magistrate noted that husband bore "some of the responsibility for the loss of those assets to pay for litigation that he initiated at a time when he was better able to absorb the cost with his full income as a pilot, than [wife] who was disabled and relying upon spousal support to get by."
 {¶ 24} Nevertheless, the magistrate acknowledged that husband "suffered a serious blow to his financial health in his retirement years" and that this was a misfortune that wife should share. Noting that husband experienced an unforeseeable thirty-one percent decline in income, the magistrate modified his monthly spousal support obligation to $3,000.
 {¶ 25} After a review of the evidence submitted and the magistrate's decision, we conclude that the trial court did not abuse its discretion when it adopted the decision in its entirety. We also agree with the magistrate that "[w]hat [husband] argues is difficult to grasp from his writings and exhibits" and the information attached to his motion and his trial brief, "is difficult to decode * * * and is in large part incomprehensible."
 {¶ 26} Thus, husband's first assignment of error lacks merit.
 {¶ 27} In his second assignment of error, as much as we can decipher, husband claims that the trial court erred when it arbitrarily reduced wife's spousal support by $850, contrary to the evidence submitted. We disagree. *Page 9 
 {¶ 28} The magistrate considered that husband had experienced a reduction in income of thirty-one percent. She also reviewed husband's and wife's monthly expenses, and then reduced his monthly spousal support obligation by $850, or approximately twenty-one percent.
 {¶ 29} Under R.C. 3105.18(F), a change in circumstances is required to modify spousal support and includes, but is not limited to, any increase or involuntary decrease in a party's wages, salary, bonuses, living expenses, or medical expenses. However, there is nothing in the statute that requires a spousal support obligation to be reduced by the same amount as an income reduction. There are many other factors that go into that determination. See 3105.18(C)(1)(a). We conclude that the magistrate extensively considered the requisite factors and the trial court did not err when it fully adopted the magistrate's decision.
 {¶ 30} Therefore, we conclude that husband's second assignment of error is also without merit.
 {¶ 31} The judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and COLLEEN CONWAY COONEY, J., CONCUR
[1] Following our remand of Southworth I (remanded for reasons other than spousal support), the trial court reduced wife's share of husband's DAP account to $169,923. On April 15, 1999, the trial court issued a Qualified Domestic Relations Order ("QDRO") for that amount, "plus any interest and investment earnings or losses attributable thereon for periods subsequent to August 1, 1996, until the date of total distribution." Neither party appealed this order, but on March 30, 2000, husband moved to vacate the DAP QDRO because of the interest (which was also an issue raised in Southworth II). On April 15, 1999, the trial court issued QDROs for wife's share of husband's other two United Airlines retirement accounts.
[2] United Airlines filed for Chapter 11 bankruptcy in 2004.
[3] The Pension Benefit Guaranty Corporation appealed the bankruptcy court's order terminating United Airlines non-qualified retirement benefits. A federal district court reversed the termination. At the time of the magistrate's decision, the matter had been appealed. Since then, in In re UAL Corp., 468 F.3d 444, the Seventh Circuit dismissed the appeal as unripe.
[4] The parties stipulated to their respective incomes. Husband received $4,900 per month from his United Airlines qualified pension, $1,406 per month in social security benefits, and $1,795.25 per month from his USMC pension. Wife received $1,035.20 per month from SSDI, $1,489.97 from husband's qualified United Airlines pension, $224.75 per month from his USMC pension, and $3,850 in spousal support.
[5] The parties declined to offer testimony and requested the matter be decided upon documents and written final arguments. *Page 1