RANZ, APPELLEE, *v.*
RANZ, APPELLANT.

(No. C-870799—Decided September 28, 1988.)

*Randal S. Bloch,* for appellee.
*James W. Patton,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Hamilton County Court of Common Pleas, Domestic Relations Division.

Defendant-appellant Albert D. Ranz ("the husband") and plaintiff-appellee Catherine Ranz ("the wife") were married on May 1, 1976; the wife filed this action for divorce on January 15, 1986. The parties' two children were five and three years old at the time of the referee's property hearing, and there was no dispute that custody of the children would remain with the wife.

In his appeal from the decree of divorce entered below, the husband asserts that the trial court abused its discretion in (1) awarding to the wife the house that he had purchased before the marriage; (2) awarding sustenance alimony to the wife; (3) admitting into evidence the testimony of an economist as to the value of his pharmacy and law degrees; and (4) awarding attorney

fees to the wife. Finding no abuse of discretion, we affirm the trial court's judgment.

Concerning the first assignment of error, which challenges the trial court's order that title to the marital residence be transferred to the wife even though the husband alone had purchased the home before the marriage, we begin by noting the well-established principle that a trial court has broad discretion to determine what property division is equitable in a divorce proceeding. See, *e.g., Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 20 O.O. 3d 318, 421 N.E. 2d 1293. Flat rules about property division are ill-advised and impossible; instead, such division must depend upon the facts and circumstances of each case. *Id.* at 355, 20 O.O. 3d at 322, 421 N.E. 2d at 1299. We therefore agree with the holding of the Lucas County Court of Appeals that the fact that certain property was brought into the marriage by one party is not necessarily determinative of the disposition of such property, but should be considered in relation to all other relevant factors, including those set forth in R.C. 3105.18, the governing statute.[1]

*Sanzenbacher* v. *Sanzenbacher* (1981), 3 Ohio App. 3d 180, 181, 3 OBR 206, 207, 444 N.E. 2d 454, 455.

We find sufficient justification in the record before us for the court's order that title to the marital residence be transferred to the wife. As we stated above, the wife was to retain custody of the children, who had known no other home; thus, awarding the house to the wife was in the children's best interests. The monthly mortgage payment was only $261 and, as noted by the referee, such housing expense for a family of three likely could not have been found elsewhere. Furthermore, the court ordered that the husband be reimbursed for the money which he paid prior to the marriage for the purchase of the house. He also received one half of the appreciation in the value of the property during the marriage. Finally, we note that the husband was awarded the parties' entire interest in separate real property in Indiana. For all of these reasons, we conclude that the first assignment of error is without merit.

The second and third assignments of error relate to the trial court's consideration of the future value of the

---

[1] R.C. 3105.18 reads in part as follows:

"(A) In divorce, dissolution of marriage, or alimony proceedings, the court of common pleas may allow alimony it considers reasonable to either party.

"The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court considers equitable.

"(B) In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including, but not limited to, the following:

"(1) The relative earning abilities of the parties;

"(2) The ages, and the physical and emotional conditions of the parties;

"(3) The retirement benefits of the parties;

"(4) The expectancies and inheritances of the parties;

"(5) The duration of the marriage;

"(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(7) The standard of living of the parties established during the marriage;

"(8) The relative extent of education of the parties;

"(9) The relative assets and liabilities of the parties;

"(10) The property brought to the marriage by either party;

"(11) The contribution of a spouse as homemaker."

husband's two professional degrees in awarding alimony to the wife. The record reveals that following their marriage in 1976, the parties agreed that the husband would attend school and the wife would continue her employment as an X-ray technician. The husband entered the University of Cincinnati in 1977, obtained his pharmacy degree in 1982, entered the university's College of Law in the same year, and was in his final year of law school when the parties separated in 1984. As of the time of the property hearing (summer 1986), the husband had never applied for a full-time pharmacy position, and he had held no full-time employment at all since 1977. He was working three days per week as a lawyer and every other weekend as a pharmacist at the time of the hearing. Based upon his apparent lack of effort in attempting to locate full-time employment, the trial court concluded that he was underemployed by choice and that his present income was not indicative of his earning ability. At the property hearing, the referee admitted the testimony of an economist who calculated the projected future earnings of a person with a pharmacy and a law degree, based upon average national salaries and various levels of experience and responsibility.

The wife, who had a long-standing goal of becoming a nurse, began her nursing education on a part-time basis in 1985, with some of her tuition being reimbursed by her employer. The referee recommended that the husband pay sustenance alimony to the wife of $215 per month for four years, finding it appropriate that he should contribute to the cost of her education. Both parties filed an objection to this recommendation; the trial court found the amount of alimony to be reasonable and overruled both objections.

Under both the second and third assignments of error, the husband contends that the trial court incorrectly applied *Stevens* v. *Stevens* (1986), 23 Ohio St. 3d 115, 23 OBR 273, 492 N.E. 2d 131, the syllabus of which reads:

"A professional degree or license is not marital property and the present value of the projected future earnings of the degreed spouse is not a marital asset subject to division upon divorce. Although not an asset, the future value of a professional degree or license acquired by one of the parties during the marriage is an element to be considered in reaching an equitable award of alimony in accordance with R.C. 3105.18."

The husband's second assignment of error states that the trial court's award of sustenance alimony was an abuse of discretion because it was based *only* upon his projected future earnings, without any consideration of the other factors listed in R.C. 3105.18. We are unable to find any support for this contention. After reviewing the extensive testimony given in the referee's hearings, the trial court specifically stated in its decision that under *Stevens, supra,* future earnings are to be considered in conjunction with the eleven factors in R.C. 3105.18. The court was clearly careful to base its alimony award upon the overall situation of the parties, not upon any one factor, and we therefore overrule the second assignment of error.

The husband asserts in his third assignment of error that the trial court erred by admitting the testimony of the economist as to the value of his professional degrees, arguing that *Stevens, supra,* prohibits such evidence because it is too speculative. We do not agree. The *Stevens* court did discuss the speculation inherent in predicting the value of a professional degree, and for that reason held that a degree is not marital property. However, the court went on to conclude that where

one spouse has shouldered a majority of the living and education costs for the other spouse, equitable compensation payable as sustenance alimony is particularly appropriate, expecially where, as here, the supporting spouse presently seeks a professional career as well. Finding that the future value of a degree is to be considered in reaching the alimony award, the *Stevens* court held that the lower court abused its discretion by *failing* to consider evidence of projected future earnings. *Id.* at 119-120, 23 OBR at 277, 492 N.E. 2d at 135.

We therefore determine that the trial court in this case acted well within its discretion in admitting the testimony of the economist as to the husband's projected future earnings. The court specifically acknowledged in its decision the speculative aspects of the economist's testimony, stating that it had taken these aspects into consideration in deciding the weight to be given the testimony. The court also noted that since the referee had found the husband to be voluntarily underemployed, the economist's testimony was necessary to provide an indication of the husband's true earning ability in accordance with R.C. 3105.18(B)(1). Thus, the third assignment of error is overruled.

In his fourth assignment of error, the husband asserts that the trial court's award of attorney fees to the wife was excessive and was made without sufficient demonstration that the fees awarded were reasonable. Our review of the record reveals ample evidence as to all of the factors pertinent to the reasonableness of the wife's attorney fees, including the amount of time expended by the attorney and the necessity therefor, the relation of the hourly rate to that which is customarily charged in this community, the novelty and difficulty of the issues surrounding the value of the husband's professional degrees, the husband's ability to pay and the wife's need. In accordance with *Yokley* v. *Yokley* (Mar. 20, 1985), Hamilton App. Nos. C-840290 and C-840319, unreported, and *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85, 2 O.O. 3d 65, 355 N.E. 2d 894, the trial court considered each of the above factors and determined that an award of $2,300 (of the $3,500 demanded by the wife) was reasonable. Finding no indication that this determination amounted to an abuse of the court's discretion, we overrule the fourth assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., DOAN and KLUSMEIER, JJ., concur.