JOURNAL ENTRY AND OPINION
Appellant, John J. Mizenko, is appealing the trial court's order modifying spousal support. For the following reasons, we affirm.
The parties were divorced in January, 1994 after a long-term marriage. All of the children were emancipated. The parties agreed to an essentially equal division of assets. Appellee received a condominium, and various accounts. Appellant received a condominium, his medical practice and sale proceeds from a partnership. Appellant assumed responsibility for all the marital debts. Appellant agreed to pay appellee $4,475.00 per month in spousal support, to continue until appellee's death, re-marriage or cohabitation.
Beginning in April, 1998, appellant paid only half of his spousal support obligation. Appellee filed a motion to show cause, and for attorney fees. In December, 1998, appellant moved to modify spousal support.
The magistrate heard evidence on July 23, 1999. Appellee testified that she is 62 years old. The type of work she can do is limited, because she has scoliosis. She earned $12,000 per year as an assistant retail manager. Her monthly expenses were $6,358.14 per month, or $76,297.68 annually. She could not get by on half the support payments, and had to withdraw money from a CMA account.
Appellee considered re-financing her home, but was not sure how long she would live there. Her investments from the property division are currently worth $500,000. She does not withdraw the interest or dividends from these accounts. The value of these accounts decreased in current years, because the market fell. She was advised not to transfer the funds to more conservative investments. Appellee's legal bills for the motion to show cause totaled $4,590.59.
Appellant testified that he is an osteopathic physician, specializing in gastroenterology. He was 63 years old at the time of the hearing. His income has decreased due to changes in the medical economy. His income in 1998 was $106,641. His income in 1993 was $163,471. He has no opportunities to increase his income.
At the time of the divorce, appellant owed $71,700 in federal taxes. He currently owes $79,000 in federal taxes. He owes $95,000 for renting office space. His total current debt is around $200,000. He has monthly expenses of $2,197 per month not including debt payments, and not including spousal support.
The magistrate found that the decrease in appellant's income was involuntary. The magistrate decided that the spousal support should cease on appellant's 65th birthday, but the amount would remain the same. The magistrate denied appellee's motion to show cause and for attorney fees. Both parties filed objections.
The trial court ordered that the spousal support be reduced by 35%, to $2,908.75 per month, because appellant's income decreased by 35% from 1993 to 1998. The spousal support would continue until appellee's death, re-marriage or co-habitation. The court found that $3,725.00 of appellee's attorney's fees were reasonable, and ordered appellant to pay $1,000.00 of these fees.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT CONSIDERING THE RELEVANT FACTORS OF R.C. 3105.18(C) IN DETERMINING A REASONABLE AND APPROPRIATE REDUCED SPOUSAL SUPPORT OBLIGATION.
This court can only reverse an order modifying spousal support if the trial court abused its discretion. Kucmanic v. Kucmanic (1997),119 Ohio App.3d 609. An abuse of discretion occurs if the decision of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
When a payor spouse's income has involuntarily decreased, it is not an abuse of discretion to reduce support by the percentage decrease in income. Kozlevchar v. Kozlevchar (May 18, 2000), Cuyahoga App. No. 76065, unreported. Appellant contends that the court should have reduced spousal support by more than the percentage decrease in his income. He asserts the trial court failed to consider certain R.C. 3105.18(C)(1) factors. He argues the trial court failed to consider: (1) That appellant has no retirement funds available; (2) Appellant had considerable obligations for income taxes and rent; (3) Appellant's age; (4) the changing medical economy and (5) Appellee had $500,000 in various accounts which she could use for her support.
For an initial spousal support order, the journal entry of divorce must demonstrate that the trial court considered all the factors enumerated in R.C. 3105.18(C)(1). Kucmanic, supra. When considering a motion to modify a spousal support order, the trial court need not reexamine all the factors listed in R.C. 3105.18(C)(1). The court need only consider the factors which have actually changed since the last order. Id. The change must be one that is substantial and not contemplated at the time of the prior order. Tremaine v. Tremaine (1996), 111 Ohio App.3d 703, 706.
Some of the factors asserted by appellant had not changed since the time of the divorce. At the time of the divorce, appellant had no retirement funds. Appellant had close to the same amount of outstanding tax liability at the time of the divorce decree. While the rent liability was incurred after the divorce decree, appellant's total liabilities were greater at the time of the divorce than currently. The trial court did not abuse its discretion in failing to decrease spousal support based on appellant's liabilities and lack of retirement funds.
The assets appellee received in the property division were known at the time of the original divorce decree. The fact that these assets would appreciate in value could be anticipated at the time of the original support order. See Birath v. Birath (Dec. 21, 2000), Franklin App. No. 00AP-604, unreported. A court is not required to order a party to invest assets obtained from a marital property division in order to reduce a support obligation. See Fulmer v. Fulmer (May 5, 2000), Trumbull App. No. 98-T-0146, unreported. Neither is the court able to predict the income from these assets, and offset this income against support obligations. Id. Predicting such income is speculative. Id. A party is not required to sell assets allocated to the party in the property division, in order to decrease the need for spousal support. See Frye v. Frye (Mar. 31, 1994), Franklin App. No. 93APF09-1218, unreported.
Appellant's age was a factor that the parties anticipated at the time of the divorce decree. The trial court considered the changing medical economy, because it reduced appellant's support obligation by his percentage decrease in income.
The trial court did not abuse its discretion in failing to consider the factors asserted by appellant. The trial court did not abuse its discretion in reducing the spousal support by the percentage decrease in appellant's income.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING SPOUSAL SUPPORT FOR AN INDEFINITE TERM.
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain . . .
Kunkle v. Kunkle (1990), 51 Ohio St.3d 64. Appellant asserts that appellee now has the ability to support herself, so a termination date for spousal support should be set. Appellant asserts that appellee can support herself from investment income, selling her condominium and finding a higher paying job.
Appellee testified that she is pushing her physical limitations at her current job. She is sixty-two years old. Her efforts to find a higher paying job have been fruitless. Appellee is not required to invest assets from the marital property division, nor is she required to sell these assets to decrease the need for spousal support. See Fulmer v. Fulmer (May 5, 2000), Trumbull App. No. 98-T-0146, unreported; Frye v. Frye (Mar. 31, 1994), Franklin App. No. 93APF09-1218, unreported. The trial court could find that a modification of the term of the support was not warranted.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT RESERVING THE RIGHT TO MODIFY SPOUSAL SUPPORT IN THE FUTURE.
In order to subsequently modify a spousal support award, the divorce decree must contain a provision specifically authorizing the court to modify spousal support. R.C. 3105.18(E)(1); Gullia v. Gullia (1994),93 Ohio App.3d 653. The failure to reserve jurisdiction to modify an indefinite support award is clearly an abuse of discretion. Id.
In this case, the divorce decree stated that the court reserved jurisdiction to modify spousal support. R.C. 3105.18(E)(1) requires that the reservation of jurisdiction be stated in the divorce decree. The statute does not require another reservation of jurisdiction in an order modifying the original decree. Even if the court is required to reserve jurisdiction in the order modifying the original decree, the court did so here.
The court's journal entry modifying the amount of the support stated that the revised amount of support shall be paid until further order of the court. The language "subject to further order of the Court," used within the body of the paragraph specifying the support obligations, is sufficient to reserve jurisdiction to modify the support award. Kearns v. Kearns (1990), 69 Ohio App.3d 305; Meinke v. Meinke (1989),56 Ohio App.3d 171; See Martin v. Martin (Dec. 17, 1992), Cuyahoga App. No. 63777, unreported. The journal entry modifying spousal support reserved jurisdiction to modify the support order.
Accordingly, this assignment of error is overruled.
 IV.
Appellant's fourth assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING ATTORNEY'S FEES TO PLAINTIFF-APPELLANT.
The trial court has broad discretion in the award of attorney fees. Birath v. Birath (1988), 53 Ohio App.3d 31, 39. Appellant contends that the court abused its discretion by awarding attorney fees when he was not held in contempt. A finding of contempt is not a prerequisite to the awarding of attorney fees. Cattren v. Cattren (1992), 83 Ohio App.3d 111. R.C. 3105.18(G), which provides for attorney fees upon a finding of contempt, is not the only statute authorizing the award of attorney fees. The trial court could have awarded attorney fees under R.C.3105.18(H). R.C. 3105.18(H) provides:
 In divorce . . . the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to . . . any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees.
Appellant contends the trial court could not award attorney fees under R.C. 3105.18(H) because the court: (1) did not make a finding that appellee would be prevented from exercising her rights if attorney fees were not granted and (2) did not make any findings concerning the factors demonstrating the reasonableness of the attorney fees.
A trial court does not abuse its discretion in awarding attorney fees if the record indicates that the one party can afford to pay attorney fees, and the other party will be prevented from litigating his/her rights if fees are not awarded. Ranz v. Ranz (1988), 51 Ohio App.3d 66; Carman v. Carman (1996), 109 Ohio App.3d 698, 705. The trial court need not make an explicit finding on the record that a party will be prevented from litigating his or her interests in the absence of an award of attorney fees. Ranz, Carman, supra. In determining the parties' relative ability to pay, the court should examine the R.C. 3105.18(C)(1) factors, such as income, earning ability, assets and liability. Birath v. Birath (1988), 53 Ohio App.3d 31 In this case, appellee made $12,000 per year. Her expenses were $76,297.68 annually. Appellee will received monthly spousal support of $2,908.75, or $34,905 annually. Appellee does not withdraw money from the accounts she received in the property division. The parties received essentially the same amount of assets in the property division.
Appellant has around $200,000 in debt. Appellant's income was $106,000 per year. Appellant has monthly expenses of $2,197 per month not including debt payments, and not including spousal support. Appellant was ordered to pay support arrearage of $250 per month and spousal support of $2,908.75 per month. He pays the IRS $200 a month. According to a document attached to his closing argument, he may have to pay $1,500 per month for the rent debt. Even if we consider this document, the evidence still shows that appellant had greater income than expenses. Appellee had less income than expenses. The trial court could conclude that appellant had the ability to pay, appellee did not have the ability to pay, and appellee would be prevented from litigating her rights if she was not awarded attorney fees.
In determining whether the amount of attorney fees is reasonable, the court should consider:
 the amount of time expended by the attorney and the necessity therefor, the relation of the hourly rate to that which is customarily charged in this community, [and] the novelty and difficulty of the issues . . .
Ranz, supra at 69 citing Swanson v. Swanson (1976), 48 Ohio App.2d 85. Another relevant factor is the experience, reputation, and ability of the lawyer. See Kindred v. Kindred (Jul. 1, 1999), Cuyahoga App. No. 73858, unreported, citing Swanson, supra.
The court need not make specific findings on the record concerning the Swanson factors. Ranz, supra at 69. It is sufficient if the record reveals ample evidence as to all of the factors pertinent to the reasonableness of the attorney fees. Id. The parties stipulated as to the qualifications of appellee's counsel and the reasonableness of the rate charged. Appellee's attorney testified concerning her hourly rate; what services she performed and issues that made the matter more complicated. She presented an itemized bill. There was ample evidence on the record as to all the factors pertinent to the reasonableness of the attorney fees.
The trial court did not abuse its discretion in ordering appellant to pay $1,000 of appellee's attorney fees.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., AND JAMES D. SWEENEY, J., CONCUR.
 _______________ ANN DYKE, JUDGE