OPINION
Plaintiff-appellant, Robert Motycka, appeals from a judgment of the Court of Common Pleas of Van Wert County, granting him a divorce from Janet Motycka, defendant-appellee, and dividing the parties' marital estate. Finding none of the arguments advanced on appeal to have merit, we affirm the judgment below.
The pertinent facts and procedural history of this case are as follows. Robert and Janet Motycka were married on April 8, 1968 in Gallatin, Tennessee. The parties are and were bona fide residents of Van Wert, County, Ohio, for six months immediately preceding the filing of the divorce action. There were three children born as issue of the marriage, two of whom are emancipated. The youngest child, a minor, was born on June 7, 1987.
On August 10, 1998, Robert filed his complaint for divorce. The parties were found incompatible and Robert was granted an absolute divorce from Janet. The parties agreed that Janet would be designated the child's sole residential parent, with visitation of said child by Robert. They presented the remaining issues of property division, child support and spousal support to a magistrate in January 1999. On January 20, 1999, the magistrate issued his report with the trial judge adopting the recommendation.
Robert filed timely objections to the magistrate's decision. Despite correcting a few minor oversights within the magistrate's report, the trial court issued a judgment entry dated February 11, 1999, overruling the majority of Robert's objections. Thereafter, Robert filed a request for findings of fact and conclusions of law and for further hearing. The trial court ordered both parties to submit proposed findings of fact and conclusions of law. On July 29, 1999, the trial court issued a final decree of divorce and denied Robert's request for further hearing.
In response to this final entry, Robert presented an appeal to this Court wherein he presented three assignments of error, including an assertion that the trial court erred by ruling on the objections without first reviewing the transcript of the January 1999 hearing. This Court agreed with Robert's contention, and held that the trial court committed reversible error by failing to consider the factual evidence prior to ruling on the objections to the magistrate's decision. Motycka v.Motycka (Dec. 20, 1999), Van Wert App. No. 15-99-12, unreported. Since we found this issue to be dispositive, we declined to address the remaining assignments of error. Accordingly, we reversed the July 29, 1999 judgment and remanded the matter to allow the trial court to consider the objections in light of the evidence within the transcript.
Upon remand, the trial court reviewed the transcript of the hearing and overruled Robert's objections by entry dated April 6, 2000. The entry stated that the court "reaffirms the Magistrates [sic] decision and Journal Entry filed July 29, 1999." From this judgment, Robert filed an appeal with this Court. In his brief, Robert asserted three separate assignments of error, which focused on the issues of spousal support, property division, and the court's refusal to hear additional evidence prior to ruling on the objections. Because the entry was not a final appealable order, we were precluded from addressing the merits of Robert's arguments. Motycka v. Motycka (Oct. 12, 2000), Van Wert App. No. 15-2000-3, unreported.
On December 14, 2000, the trial court issued its judgment entry from which Robert now appeals.
Robert asserts the following four assignments of error.
 ASSIGNMENT OF ERROR NO. I The Trial Court erred in adopting findings of fact issued by the Magistrate which it was aware were no longer accurate.
 Robert contends that the trial court failed to consider the fact that he was no longer earning $75,000.00 per year when the court issued its judgment entry. In addition, Robert maintains that the trial court failed to conduct a hearing pursuant to "Rule 53(D)(3)(6) in light of the changed circumstances" and this constituted an abuse of discretion.
Absent a showing that the trial court abused its discretion, the trial court's judgment cannot be disturbed. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. "An abuse of discretion connotes more than an error of law or judgment: it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable." Szymczak v. Szymczak
(2000), 136 Ohio App.3d 706, citing Booth v. Booth (1989),44 Ohio St.3d 142, 144; Blakemore, 5 Ohio St.3d 217, 219.
Our review of the judgment entry indicates that the trial court actually found that Robert's annual income, for purposes of calculating child and spousal support, was $65,000.00, not the $75,000.00 claimed. The court found that Robert's projected income for 1998 was $75,000.00 plus a 6% bonus. It appears that the court generously spared nearly $15,000.00 of Robert's projected income from child and custody support.
We are unable to locate Rule 53(D)(3)(6) in the Rules of Civil Procedure, and, therefore, cannot comment on this aspect of Robert's argument.
Absent any evidence within the record that the trial court's attitude towards Robert was unreasonable, arbitrary or unconscionable, we find that the trial court did not abuse its discretion.
Therefore, Robert's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The Trial Court failed as a matter of law and fact to apply Ohio Revised Code 3105.171 in determining an equitable division of property.
 In his second assignment of error, Robert contends that the trial court failed to apply R.C. 3105.171
when determining how to equitably divide the parties' property. R.C. 3105.171(C)(1) provides, in pertinent part, as follows:
 * * * [T]he division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors * * *.
A review of a trial court's division of marital property is governed by the abuse of discretion standard. Martin v. Martin (1985),18 Ohio St.3d 292. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore, 5 Ohio St.3d 217 . Throughout this analysis, the trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division of marital assets. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222.
 The trial court's judgment entry explained the factors found relevant by the trial court. Among these factors, the court found that the parties lived together in Arkansas until 1993 at which time Janet left with the minor child, and returned to live with her mother in Ohio. Robert then moved to Ohio and the parties resided together, off and on, from 1993 until June, 1997, at Janet's mother's home. Prior to the divorce, the parties agreed that Janet should cash in her retirement fund of about $13,000.00 which Robert would use to pay off credit card debts. Robert cashed in his Tyson retirement and his IRA to pay bills. Under the parties' agreement, the Arkansas residence would be sold, from which Janet would receive the proceeds and be reimbursed her $13,000.00. In exchange, Robert would keep his automobile collection. The Arkansas house sold for $22,000.00. Janet eventually received the proceeds from the sale of the house and the $13,000.00 owed for credit card debts. Janet used the funds to purchase a car and to purchase and improve a home in Van Wert, Ohio.
Since 1993, the parties have not co-mingled any of their funds or assets. After Janet and her minor child moved to Ohio, Robert did not provide Janet with regular monetary support. For the most part, Janet supported herself and the minor child.
By all indications, the division of property was fair and equitable. The trial court awarded Janet the marital residence subject to all taxes, mortgages and assessments owed against the same, free and clear of any claim by Robert. Each party was granted all household goods, furnishings and effects, as each had in their possession. The parties were awarded their own clothing, jewelry, personal effects, tools and sporting goods, and family memorabilia as they had in their possession. Robert was granted his 1949 Chevrolet truck, two 1965 Pontiac Lemans, a 1966 Lincoln, a 1966 Honda motorcycle, a 1970 Buick, a 1981 Oldsmobile 98, a 1988 Dodge Caravan, a 1993 car trailer, parts vehicles, and any vehicles acquired by him after the parties' separation. Janet was granted her 1994 Ford Escort. The parties were granted their separate financial accounts and life insurance policies held in their own names. Further, each was responsible for their own debts incurred in their own names or by them after they separated in June 1993.
After reviewing the record, we find no evidence that the trial court failed to follow the guidelines within R.C. 3105.171. Nor is there evidence that the trial court abused its discretion in dividing the property. Robert would have the court assign Janet the debts he incurred following their separation in his own name for his sole benefit. Such an assignment of debt would be neither fair nor equitable. The property division under the circumstances of this case was equitable and in full compliance with R.C. 3105.171. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III
The Trial Court committed error in not conducting a hearing to consider the additional evidence proffered by the Appellant.
 For his third assignment of error, Robert maintains that the trial court erred by not considering a request for hearing to consider evidence pointing to errors made by the magistrate in his determination of facts. In support of his position, Robert points to "Ohio Rule of Civil Procedure 53(D)(4)(b)." In our search through the Ohio Rules of Civil Procedure, we were unable to locate Civ.R. 53(D)(4)(b) and, therefore, are unable to consider whether the trial court has complied with this elusive rule. Nevertheless, Robert's principal concern is that the magistrate considered Janet's testimony and evidence more reliable than that which he offered.
A reviewing court should presume the findings are correct because the trial court "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony." Barkley v. Barkley (1997),119 Ohio App.3d 155, 159. In the courtroom match of "he said, she said," it is the magistrate's duty to determine whose testimony is credible and whose is not. The court, at its discretion, may refuse to hear additional evidence following the magistrate's decision. Civ.R. 54(E)(4)(b).
In the present case, the magistrate listened to and viewed the witnesses and used those observations to weigh the credibility of the testimony. The magistrate was within his power to determine that Janet's testimony carried more credibility than Robert's. In light of the fact that Robert's brief has argued two non-existent Rules of Civil Procedure and where the magistrate had the opportunity to observe the witnesses, we find Robert's contention that the trial court should have held a hearing to reconsider his evidence to be without merit.
Accordingly, we overrule Robert's third assignment of error.
 ASSIGNMENT OF ERROR NO. IV The Magistrate erred in awarding the Defendant spousal support.
 In his fourth assignment of error, Robert maintains that the trial court erred in its award of spousal support to Janet.
Absent an abuse of discretion, the trial court has broad discretion to determine the amount of spousal support. Hutchinson v. Hutchinson
(1996), 113 Ohio App.3d 863. The term "spousal support," as defined by R.C. 3105.18, "means any payment or payments to be made to a spouse or former spouse * * * that is both for sustenance and for support of the spouse or former spouse." Spousal support does not include payments made to a spouse or former spouse that is made part of a division or distribution of property or a distributive award. Id. Among the fourteen factors the court must consider in determining the amount of spousal support are the following: the income of the parties; the relative earning abilities of the parties; the ages and the physical mental, and emotional conditions of the parties; the duration of the marriage; the relative extent of education of the parties; and, the relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties. R.C.3105.18(C)(1)(a),(b),(c), (e), (h), (i).
In the present case, the trial court granted Janet a lump sum spousal support award of $35,000.00, to be withheld from Robert's wages and payable at the rate of $85.00.00 per week plus a 2% processing fee for a total amount of $86.70. In reaching its decision, the court claims that it considered all of the requirements set forth in R.C. 3105.18(C)(1). The court noted that Robert obtained a bachelor degree in 1972 from Ohio State University, a master degree from Texas A M in 1973, and a doctorate from the University of Illinois in 1982. Janet earned a bachelor degree from the University of Arkansas in 1992. All of the degrees were acquired during the marriage. The court determined that by reason of his advanced degrees, Robert has greater employment opportunities and enjoys greater earning potential than Janet.
Further, the court found that both parties are healthy and capable of gainful employment. Robert, at 49 years of age, is in good health with no evidence of disability. He has been employed in his field and worked as an independent consultant since receiving his doctorate in 1982. However, Robert failed to work for substantial periods of time for no apparent reason. At 50 years of age, Janet is in good health with no evidence of disability. She has been gainfully employed as a home economics teacher for four years. As mentioned earlier, the trial court determined that Robert's annual income for child support purposes is $65,000.00. Janet's annual income is $29,000.00 for purposes of calculating child and spousal support.
Robert charges that the income imputed to him by the court for purposes of spousal support was excessive. Our sister appellate courts, however, have recognized that a trial court may, in its discretion, "impute income to parties for purposes of spousal support." Petrusch v. Petrusch (March 7, 1997) Montgomery App. No. 15960, unreported; quoting, Miller v.Miller (Sept. 10, 1993), Lucas Ap. No. L-92-302, unreported; citing, Ranzv. Ranz (1988), 51 Ohio App.3d 66, 68-69. In fact, it is within a trial court's discretion to impute income based on the party's earning ability even if it is determined that a party has no income. Miller v. Miller
(December 28, 1994), Montgomery App. No. 14540, unreported.
In the present case, the trial court could have determined that Robert's income was $75,000.00 or higher for purposes of child support. Instead, the court imputed an income of $65,000.00. Although Robert bemoans the fact that he had to work in excess of 40 hours per week and the position required travel away from home, he, nevertheless, has shown that he is capable of an income of over $65,000.00.
We find that the trial court, in determining whether to award spousal support, complied with the requirements set forth in R.C. 3105.18. After thoroughly reviewing the record, we cannot conclude that the trial court's award of spousal support in the amount of roughly $340.00 per month was so arbitrary, unconscionable, or capricious as to constitute an abuse of discretion.
Therefore, Robert's fourth assignment of error is overruled.
Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 ___________________ HADLEY, J.
 BRYANT and SHAW, JJ. , concur.