DECISION.
{¶ 1} Defendant-appellant Joseph A. Berger appeals from the final decree of divorce entered by the Domestic Relations Division of the Hamilton County Court of Common Pleas. In eight assignments of error, he contests the imposition of monetary sanctions for violation of discovery orders, the award of attorney fees and spousal support, and the division of marital property. Each assignment is without merit.
 {¶ 2} Plaintiff-appellee Florence S. Berger married Mr. Berger in August 1945. The Bergers separated in 1994. Pursuant to an agreement, Mr. Berger remained in the oceanfront marital residence in a gated community on Johns Island, South Carolina. Mrs. Berger moved to Cincinnati and received a monthly allowance of $2,800. The Bergers continued to share distributions from a number of Charitable Remainder Unitrust accounts maintained with defendant Raymond James Associates, Inc., and other brokerage firms. These accounts were valued at $3,000,000. Though the Bergers were co-trustees of the trusts, Mr. Berger, a retired investment broker, maintained control over the accounts.
 {¶ 3} In 2000, Mr. Berger stopped the allowance payments and denied Mrs. Berger access to the trust accounts. She filed for divorce, seeking an equitable division of the marital property. During the litigation, Mr. Berger violated discovery requests and the domestic relations court's motions to compel discovery, making the process of evaluating the marital assets difficult and protracted. Mrs. Berger was forced to obtain some account documents by separate litigation in Massachusetts. For failing to properly maintain the South Carolina residence, the Sea Brook Island Property Owner's Association obtained a $43,945 judgment against Mr. Berger. He had not filed joint tax returns for the tax years 1995 through 2000.
 {¶ 4} After three years of litigation, in its eight-page decision, the trial court issued the final decree of divorce, which, inter alia, (1) awarded attorney fees to Mrs. Berger; (2) imposed monetary sanctions against Mr. Berger for bad-faith conduct of discovery; (3) ordered the sale of the marital residence at its then-current price of $1,295,000; (4) ordered Mr. Berger to hold his wife harmless for liability arising from the property-association litigation; (5) ordered the parties to cooperate with Raymond James and the other account administrators in permitting the mandatory quarterly distributions from the trust accounts; (6) ordered Raymond James[1] to make the distributions if the parties failed to cooperate; and, (7) ordered Mr. Berger to pay $100,000 to Mrs. Berger for missed distributions.
 {¶ 5} Mr. Berger's first three assignments of error contest the imposition of monetary sanctions for violation of discovery orders and the award of attorney fees to Mrs. Berger. He first argues that he did not receive notice of the March 15, 2001, hearing before the magistrate on Mrs. Berger's motion to compel discovery. The record supports the magistrate's finding that Mr. Berger's failure to receive notice of the hearing resulted from his refusal to claim the mailed notice and to communicate with his original counsel of record. The record reflects compliance with the notice provisions of Loc.R. 1.6 of the Hamilton County Domestic Relations Court. The first assignment of error is overruled.
 {¶ 6} Mr. Berger's second assignment of error, in which he argues that the trial court erred in imposing a punitive sanction against him for failing to comply with the magistrate's March 2001 order to compel discovery for 116 days despite the clear warning that a monetary sanction would be imposed for each day's delay, is overruled. The trial court properly affirmed the magistrate's award of $750 for reasonable attorney fees Mrs. Berger had incurred in obtaining the order to compel. See Civ.R. 37(A)(4). And the court acted within its broad discretion to "make such orders * * * as are just" to control discovery proceedings by imposing a monetary sanction when "any party * * * fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule * * *." Civ.R. 37(B)(2). The trial court's imposition of a $5,800 sanction for the deliberate four-month violation of its discovery order, after warning of a far more severe monetary sanction, was not erroneous.
 {¶ 7} Mr. Berger next asserts that the trial court erred in awarding attorney fees when it did not have "proper evidence" before it to determine the amount of fees that were incurred as a result of his vexatious conduct. The magistrate originally awarded $75,000 to Mrs. Berger for the reasonable and necessary fees incurred during this protracted litigation. The trial court, while basing its award on Mr. Berger's "frivolous, dilatory, and contemptuous conduct throughout the course of this litigation," reduced the award to $50,000.
 {¶ 8} An award of attorney fees will not be disturbed absent an abuse of discretion. See Birath v. Birath (1988),53 Ohio App.3d 31, 39, 558 N.E.2d 63. The award of fees "to any party adversely affected by frivolous conduct" is authorized by R.C.2323.51. In a divorce action, the court may also award fees, under R.C. 3105.18(H), if the court determines that the party paying the fees has the ability to pay and if it determines that the other party would be prevented from fully litigating her rights without the award of reasonable fees. See Ranz v. Ranz
(1988), 51 Ohio App.3d 66, 554 N.E.2d 142.
 {¶ 9} Here, the magistrate and the trial court properly awarded fees under both R.C. 2323.51 and 3105.18(H). Mr. Berger denied Mrs. Berger any access to their considerable marital funds for the first year of this litigation. He was able to pay her attorney fees, as he exclusively controlled assets of several million dollars, enjoyed a $400,000 annual income, and resided in the $1.2 million marital residence. Moreover, the magistrate identified eleven specific acts of misconduct by Mr. Berger and found that "[a] very considerable portion of both the attorney fees and costs [incurred by Mrs. Berger] in this matter are the direct result of such conduct."
 {¶ 10} Mrs. Berger and her counsel testified that she had incurred $63,742 in additional fees responding to Mr. Berger's conduct. She introduced detailed billing records itemizing the efforts of her counsel to obtain documents controlled by Mr. Berger from Raymond James; to ensure Mr. Berger's compliance with court orders; to obtain the mandatory distributions from the trusts controlled by Mr. Berger; and to defend against Mr. Berger's frivolous motions and claims.
 {¶ 11} An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable" and does not exhibit a sound reasoning process. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140; see AAAAEnterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597. Where there is evidence as to all the factors pertinent to a determination of the reasonableness of attorney fees, and where the trial court's decision exhibits a sound reasoning process, the trial court has not abused its discretion in awarding attorney fees. The third assignment of error is overruled.
 {¶ 12} Mr. Berger's fourth assignment of error, in which he contends that the trial court erred by employing several different dates for valuing marital property, is overruled. The domestic relations court may use alternate valuation dates to achieve the equitable distribution of marital assets. See R.C.3105.171(A)(2) and 3105.171(C); see, also, Raphael v. Raphael
(Nov. 19, 1999), 1st Dist. No. C-980696, fn. 1. The court has broad discretion in determining these dates, and its decision will not be reversed absent an abuse of that discretion. Because of the extended course of this litigation, we are not persuaded that the trial court abused its discretion in employing alternative valuation dates.
 {¶ 13} In his last five assignments of error, Mr. Berger disputes the trial court's division of marital property, including the marital residence in South Carolina, and its award of temporary spousal support. The trial court is permitted to divide the marital property in a manner that the court deems equitable. See R.C. 3105.171(C)(1). These factual and equitable determinations are decisions to be made by the trial court. SeeLandry v. Landry (1995), 105 Ohio App.3d 289, 663 N.E.2d 1026. Trial courts also have broad discretion when determining an award of spousal support. See Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67, 554 N.E.2d 83; see, also, Dunn v. Dunn, 1st Dist. Nos. C-010282 and C-010292, 2002-Ohio-6247, at ¶ 29. Accordingly, this court will not reverse the spousal-support award or the martial-property division absent an abuse of discretion. SeeMartin v. Martin (1985), 18 Ohio St.3d 292, 294,480 N.E.2d 1112; see, also, Civ.R. 75(N).
 {¶ 14} In light of Mr. Berger's wrongful withholding of the mandatory quarterly trust distributions to Mrs. Berger, his hiding of financial assets, and the absence of evidence justifying Mr. Berger's mishandling of the South Carolina property, the trial court's decisions on spousal support and the distribution of the marital property were not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. We overrule the fifth, sixth, seventh, eighth, and ninth assignments of error.
 {¶ 15} Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
Winkler, P.J., Gorman and Sundermann, JJ.
[1] As the decree declares the rights of all the parties, including Raymond James, affects their substantial rights, and in effect determines the action and prevents a judgment for Mr. Berger and Raymond James, it is a final order. See R.C. 2502.02(B)(1); see, also, Noble v. Colwell (1989),44 Ohio St.3d 92, 95, 540 N.E.2d 1381.